Statement of Facts.

## R. S. BATTLES v. E. A. SLINEY ET AL.

ERROR TO THE COURT OF COMMON PLEAS OF ERIE COUNTY.

Argued May 3, 1889—Decided May 13, 1889.

[To be reported.]

On the trial of an issue in sheriff's interpleader the plaintiff claimant was allowed to amend the declaration by adding other enumerated articles of household goods to those designated therein; the defendant in the issue having withdrawn all claim of title in the execution defendant to any of the household goods, the allowance of the amendment was not error.

2. When an assignment of error, relating to the admission or rejection of testimony, is so drawn that it does not show the testimony adduced, or proposed to be adduced, under the offer admitted or rejected, but merely discloses a question propounded and objected to, and admitted, or refused, it is not in conformity with Rule XXIV. and will be disregarded.*

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 429 January Term 1888, Sup. Ct.; court below, No. 231 September Term 1887, C. P.

On August 1, 1887, a writ of fieri facias having issued upon a judgment in favor of R. S. Battles against John Sliney and Daniel Whalen, trading as Sliney & Whalen, whereon a levy had been made upon certain property claimed to be owned by Mrs. E. A. Sliney, wife of John Sliney, an issue was formed upon a sheriff's interpleader, wherein Mrs. E. A. Sliney and John Sliney were plaintiffs, and R. S. Battles defendant. The declaration filed by the plaintiffs on August 23d, set out a large quantity of liquors in barrels, casks and bottles, in salesroom and in cellar, a horse, harness, carriage and cutter in barn, and certain specified household goods, as property levied upon as property of the defendant, but which was in fact the property of Mrs. E. A. Sliney, the claimant.

At the trial on January 9, 1888, the plaintiffs moved to

*See Hawes v. O'Reilly, ante, p. 440.

amend the declaration by adding to the list of property claimed by Mrs. Sliney and levied upon under the writ, certain specified articles of household goods not enumerated in the declaration. The motion was objected to, on the ground that the declaration must conform to the notice which the claimant gave to the sheriff upon which he predicated his action in asking the issue, and that the subject matter of each of the items to be added introduced a new cause of action.

By the court: Amendment allowed, objections overruled; exception.[1]

A large number of offers of testimony made by the plaintiffs, were objected to by the defendant, admitted and bills sealed for the defendant. These offers are indicated in the assignments of error.

The court, GUNNISON, P. J., after reviewing the testimony at length, concluded the charge to the jury as follows:

I understand the defendant to withdraw any claim as to the household furniture, so you need not consider the evidence as to that; it is merely the stock of goods that they are seeking to recover upon.

The case is presented to you for the purpose of deciding whether the property levied upon, this stock of goods, and claimed by Mrs. Sliney is hers or not. That is the only question to be decided. As to those you find belong to her, under the rules we have laid down, you will find for the plaintiff.

We were under the impression that the contest would be over the household furniture, as well as the goods. Of course if you find any part of the stock of goods to have been hers, you would be justified in finding that all belonged to her, or vice versa. But if you should find in your deliberations, under the rules laid down, that part of it was not hers, and a part of it was, you will designate what portion you find to be hers, and what not hers.

The jury returned a verdict generally, for the plaintiffs. A rule for a new trial having been discharged, the defendant took this writ, assigning as error:

1. The allowance of plaintiffs' amendment.[1]

2 "The court erred in overruling the objection to the following question and answer and admitting the evidence:

"Q. When if at any time were you in the oil business with Sliney and Whalen and where?

"Objected to as immaterial and as a collateral matter.

"By the court: I think that is proper evidence. Exception by defendant's counsel and bill sealed this 11th of January, '88.

"FRANK GUNNISON, P. J.   [Seal.]"

Eighteen specifications, similar in form to the last preceding, followed.

*Mr. S. M. Brainerd* (with him *Mr. Wm. Benson*), for the plaintiff in error.

*Mr. S. A. Davenport* (with him *Mr. G. P. Griffith*, *Messrs. Baker & Bole*), for the defendants in error.

OPINION, MR. CHIEF JUSTICE PAXSON:

The first assignment alleges that the court erred in allowing an amendment to the declaration. The cause below was a feigned issue under the sheriff's interpleader act. The amendment consisted in specifying certain articles levied upon by the sheriff, consisting of household goods, claimed by the plaintiffs below. These articles appear to have been omitted in the declaration originally filed, and were included in the amended declaration. We see no objection to this amendment, especially in view of the fact, as appears in the charge of the court, that, upon the trial below, the defendant withdrew all claim to the household furniture which, as before observed, were the articles specified in the amended narr.

The remaining assignments, nineteen in number, are all to the admission of evidence. They are not assigned according to the Rule of Court. Said rule, Rule XXIV., is as follows:

"When the error assigned is to the admission or rejection of evidence, the specification must quote the full substance of the bill of exceptions, or copy the bill in immediate connection with the specification. When the error is to the admission or rejection of a writing, a full copy of the writing must be printed in the paper book. Any assignment of error not according to this, and the last rule, will be held the same as none."

The "last rule" referred to, is Rule XXIII., as follows:

"When the error assigned is to the charge of the court, or

to answers to points, the part of the charge, or the points and answers referred to, must be quoted, totidem verbis, in the specification."

The object of Rule XXIV. is apparent. The assignments of error are all that remain in this court after the record goes down, to show upon what ground the court has decided the case. They really constitute the pleadings here. If the evidence objected to and admitted is not set forth in the assignment, or the substance of it given, there is nothing in this court to show that error has been committed. The answer to the question may have been perfectly harmless, or the witness may not have answered it at all, or he may have had no knowledge upon the subject. This is a sufficient reason for the rule, but it is not the only one. When the evidence is given as required, this court can see at a glance whether the objection is well founded; whereas, if not given, we are obliged to turn to the evidence in the examination of each assignment. In this case, there were nineteen of such assignments, and it requires that each judge of this court shall search out the evidence from a mass of about two hundred printed pages, in connection with each assignment. This is imposing an amount of useless labor upon us which we are not called upon to bear, and which we have not the leisure to perform, even had we the inclination. It consumes time that should be devoted to more important duties. The rule of court is a wise and proper regulation, and imposes no hardship upon the Bar. It is so constantly and persistently violated that we can only correct it by declining to consider alleged errors not properly assigned. For these reasons the assignments in this case, from two to twenty inclusive, will not be considered or discussed.

Judgment affirmed.