JOSEPH GATES v. C. F. WATT ET AL.

ERROR TO THE COURT OF COMMON PLEAS OF MCKEAN COUNTY.

Argued May 9, 1889—Decided May 27, 1889.

In an action against several defendants impleaded as partners, one of them denied that he was a partner with the others. There being more than a scintilla of evidence upon the question of fact thus at issue, it was not error to submit it to the jury; and the only remedy for a verdict against the weight of the evidence was by an application to set the verdict aside.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MITCHELL, JJ.

No. 44 January Term 1889, Sup. Ct. ; court below, No. 401 May Term 1883, C. P.

On April 20, 1883, an action of assumpsit was brought by C. F. Watt and J. B. McElwaine, lately trading as Watt & McElwaine, now to the use of J. B. McElwaine, against Charles Sipler, John J. Ashbaugh, Joseph Gates and Eli Logue, partners, lately trading as Sipler, Ashbaugh & Co. Joseph Gates alone was served, and to the plaintiffs' narr in the common counts, to which was attached a copy of a book account for goods sold and delivered, he pleaded, non-assumpsit.

At the trial on February 15, 1889, the sole contention was upon the fact whether or not the defendant Gates was a member of the partnership against which the writ issued. Testi-

mony was introduced from which it was claimed on the part of the plaintiff that the defendants in the writ were partners in the drilling of an oil well for which the goods were supplied; that Gates had a one fourth interest therein, and in the leasehold on which it was located, contributing one fourth of the cost thereof. The plaintiff testified that he had presented the bill to the defendant: "I spoke to him about it, and told him about the unsettled account of Sipler, Ashbaugh & Co., and told him it was time it was settled, and he asked why I hadn't spoke to him about it before; that he supposed the matter was settled; that he had paid his share and more too, and didn't think he ought to pay any more. I told him it was not my fault, that it was not settled; that it was his business to see that it was settled. I had spoken to the other parties."

The defendant denied that he was a partner in the drilling of the well and testified that he had only purchased a one fourth interest in the lease with the well upon it drilled to completion. On cross-examination, he was asked: "Q. Suppose the well never was completed, what part of the stuff would you have owned? A. I would have owned one fourth."

The other testimony submitted sufficiently appears in the charge to the jury, OLMSTED, P. J.:

The case which you have been sworn to try is an action of assumpsit brought by Watt & McElwaine for the use of McElwaine, against four persons as partners; against Gates, Sipler, Ashbaugh and Logue as partners. The allegation on the part of the plaintiff is, that these four persons were partners in the oil business in Butler or Clarion county in this state, and that he sold a quantity of goods on the credit of this partnership. The evidence seems to show that the goods were sold sometime in November or December of 1876. The defendants here defend on the allegation that there was no partnership existing between these four men who are sued as partners.

Before we proceed any further we have been requested by counsel for defendant to answer certain points in writing, which we will answer now and proceed with our general charge.

1. The plaintiff having sued the defendants jointly, he can only recover on proof that all the defendants named in his

Charge of Court below.

præcipe and declaration were partners of the alleged firm in fact, or that each and all of the defendants either held themselves out as partners or knowingly permitted it to be done.

Answer: We affirm this point as a correct statement of the law applicable to partnerships, as we understand it.

2. There is no evidence to warrant or justify the jury in finding that at any time prior to the first of February, 1877, or at any other time, the defendants, Ashbaugh, Gates and Logue, were copartners of Sipler, as alleged in plaintiff's pleadings.

Answer: We cannot affirm this point, but call your attention in our general charge to the evidence bearing on the question of partnership.[2]

3. There is not a scintilla of evidence that all of the defendants sued were partners at or prior to the alleged sale of the goods claimed for in this suit, and there being no evidence of any subsequent undertaking of each and all of them to pay for said goods, or any of them, the plaintiff cannot recover.

Answer: We cannot affirm this point. We cannot say there is not a scintilla of evidence that the defendants were partners at the time of the sale of the goods.[3]

4. Under the evidence in this case, it is purely a question of law for the court, whether or not the plaintiff has proved a copartnership between all of the defendants sued, and if he has not he cannot recover.

Answer: We cannot affirm this point. It would ask us to take the case from the jury, and say to them that there was no evidence from which a partnership could be found by the jury, in the case, and that therefore the plaintiff could not recover. The conclusion of this point is correct, if there is no evidence, or not sufficient evidence of a partnership in the case; then it is true as stated here that the plaintiff cannot recover.[4]

\*    \*    \*    \*    \*    \*    \*    \*

[Now, how is the alleged partnership proved in this case? We have been asked to withdraw the case from the jury, and hold as a matter of law, under the evidence, that there is no proof whatever of a partnership between these defendants. We have had some doubt as to our duty in this respect, but conclude that there is some evidence upon this subject that should go to the jury on the subject of a partnership, although we deem it our duty to say to you that the evidence going to show

that the defendants were partners is not strong. Yet we think we should not withdraw it from your consideration, but trust that you will examine the evidence closely, and find a verdict upon the evidence and the evidence only.] [5]

No question is raised about the sale of the goods sued for, and their delivery to Sipler, one of the defendants; the question is, were these defendants partners and can they be called upon to pay for these goods?

The goods seem to have been delivered to Sipler in the fall of 1876. The amount is 354.76; no controversy about that. The last charge, I think, was December 19, 1876. A larger amount of goods seem from the testimony of McElwaine to have been sold in the same way, and several payments made by Sipler reducing the claim to the amount claimed in this action. I think McElwaine testified to that, to two payments, perhaps, by Sipler. But were these defendants partners at the time of the sale and delivery of these goods? The goods seem to have been charged to Sipler, Ashbaugh & Co., but this is a fact of no consequence in the case as establishing the partnership.

The plaintiff contends that the defendants were partners in putting down an oil well, and the defendants contend that the arrangements between them did not constitute a partnership, and Sipler, Gates and Ashbaugh have each taken the stand and each denied that any partnership existed between them, and each state the facts from which it is claimed by the plaintiff that a partnership is to be found, taken in connection with the other evidence. We have said to you that men may be held liable as partners, who hold themselves out to the world as partners, and thereby obtain credit. But there is no sufficient evidence that these parties held themselves out to the world as partners, and no recovery can be had against them for such reason, unless you find that they were partners in fact. Sipler is the only one of them that ever, according to the evidence, claimed that they were partners; and this is not such a holding out as partners as would make Ashbaugh, Gates and Logue partners or liable under it, unless they were actually partners in fact by their own agreement. And we say to you there can be no recovery in this case, unless you find that the defendants were, each and all of them, members of the partnership to which the goods were delivered.

Now the evidence on the question of the partnership is confined mainly to the testimony of Sipler, Gates and Ashbaugh, I think they were the ones that were sworn. It is testified, or contended, or not denied, and evident from the evidence in the case, that in February, 1877, the February succeeding the November or December that the goods were delivered, a partnership was formed between Sipler, Morgan, Ashbaugh and Logue, but there is no allegation that Gates upon whom this writ in this case was served, was a member of that firm, and if he was, no recovery could be had in this case against that partnership formed afterwards, unless they were partners at the time of the sale of the goods. The partnership must exist at the·time the credit was obtained or there can be no recovery. It is alleged and testified that Gates bought a one fourth interest in an oil well of Sipler. [Gates testified that it was to be put down by Sipler, and that at the end he was to pay to Sipler what it cost to put down the well, one fourth of it, and that there was no agreement, arrangement or understanding for a partnership, or any understanding at that time that there was anything else in the transaction other than the purchase by him of a one fourth interest in a finished well. Sipler testifies substantially in the same way. The testimony is for you.] [6] It is alleged that Sipler testifies carelessly and that his recollection is faulty and his·testimony not always consistent with itself. That is for you. Ashbaugh says that he bought his interest in the same way, and that he knew nothing of how Gates acquired his interest.

If this were all there is in this case, we say to you that we do not think it would make these parties partners in such a way as to be liable for the debt sued for here. A simple purchase of a one fourth interest in a finished well, the seller to put it down at his own cost and to receive the pay for it from the purchaser, we do not think would make of itself the purchaser liable as a partner, if he does not hold himself out as a partner. The witnesses all testify that this was the character of the transaction; that is, the witnesses for the defendants: that Sipler was paid in full for the well. They testify too that there was no agreement or understanding whether or not there was to be a future partnership or future operation. But it is claimed by the plaintiff that there are circumstances surround-

ing the transaction, going to show that these parties were partners, and that they have not testified truthfully. Now of course this evidence is for you, and we do not withdraw it from you. But is it sufficient to overcome what appears to be almost the uncontradicted evidence in the case of the three defendants who have testified as to this transaction? There is no evidence in the case that Gates, Ashbaugh or Logue knew anything about goods being bought by Sipler and charged to the partnership of which they were alleged to be members. Gates and Ashbaugh both testify that they had no knowledge of this, and no one swears that they did at the time of the transaction. Gates testifies that the first knowledge that he had of it was some months afterwards. I don't recollect how long, and it is not important. When a bill was presented to him by Mr. McElwaine, in which this was charged in this way, McElwaine testifies that at that time Gates says, "Why didn't you present that before?" and complained of the length of time. And Gates says that he contended at that time that he was not liable and did not belong to any such partnership. And he says that he did not admit any partnership except so far as it was an admission of it not to deny it at that time; but that is not a question of great consequence in the case, for that is not such a holding out to the world that they were partners as would make them liable and authorize the plaintiff to recover against them unless they were partners in fact.

Now, we have endeavored to impress upon your minds the view that we take of this case. If this transaction was simply a purchase by Gates of a one fourth interest in a well to be finished by Sipler, and Gates to pay Sipler for the putting of it down, and that was all, and the other man acquired his interest in the same way, as we have already said to you, that, as we think, of itself, and that is more a question of law than of fact,— we do not think under the authorities as we understand them that that would make these parties liable as partners; and you could not find that these parties were partners unless there was something else in the case besides this evidence that is sufficient to overcome the testimony of the defendants, themselves, and sufficient to justify the jury in coming to the conclusion that there was an actual partnership between these parties at the time. [If this was a purchase of a one fourth

Charge of Court below.

interest and these parties were to go on and put down this well—these four men who owned it—at their joint expense, then we say that would be a partnership such as would make the defendants liable.] [7] But if it was a simple purchase by each of these parties as they testify, of a one fourth interest in a finished well, it would be holding the rule too strictly, or too loosely rather, to make parties liable under such circumstances. . . . . . And we have already said to you that the fact that there was a partnership formed in February would not make these men liable here at all. Gates, according to the testimony, was not a member of the partnership, and unless he was a member at the time of the credit there could be no recovery, but if Gates had been a member of the partnership formed in February it would not make him liable at all from that fact. [If you do find from the evidence that these four men were partners at the time these goods were delivered, and the credit was obtained on the strength of this partnership, then your verdict will be for the plaintiff for the amount of the debt with interest.] [8]

But you will bear in mind that you are not to find them partners unless you find from the evidence that in fact they were partners by agreement between themselves in some way. There is some evidence, Sipler denies it and McElwaine affirms it, that Sipler gave the names of this partnership and the names of the partners to Mr. McElwaine. That declaration would not hold Logue, Gates and Ashbaugh, for the declaration of one partner cannot bind the partnership in that way; it would be a very dangerous rule to do that. Whatever your view may be as to whether Sipler said that at the time, would not be very important in this case, and of itself it would be nothing, so far as liability on the part of the others is concerned.

The jury returned a verdict in favor of the plaintiff for $562.64. A rule for a new trial having been discharged, the defendant took this writ assigning as error :

1. The court erred in admitting the plaintiff's offer of evidence contained in the following bill of exceptions : *

Q. State the form in which the account was entered on the books ?

---

* See Hawes v. O'Reilly, 126 Pa. 440 ; and Battles v. Sliney, 126 Pa. 460.

Objected to as incompetent at this time, on the ground that the defendant is sued as a copartner and there is no evidence of any copartnership whatever, and that they are not permitted to prove it in this way.

By the court: We think the objection is not good at this time; that the question of proving the partnership, while it would be necessary to prove it in order to recover, yet the question whether it should be proved now or at some other point in the trial is one of order, and the objection is overruled. Exception by defendant's counsel and bill sealed this 15th of February, 1887.                    A. G. OLMSTED, P. J.

A. It was made to Charles Sipler, J. J. Ashbaugh, Joseph Gates and Eli Logue, as Sipler, Ashbaugh & Co.

2-4. The answers to defendant's points.[2]  [4]

5-8. The portions of the charge included in [ ][5]  [8]

*Mr. J. W. Bouton* (with him *Mr. John N. Apple*), for the plaintiff in error.

*Mr. J. W. Lee* (with him *Mr. W. E. Burdick* and *Messrs. Hastings & Criswell*), for the defendants in error.

PER CURIAM:

The first assignment is not in conformity to the Rules of Court, and will not be considered. See Battles v. Sliney, decided at this term [126 Pa. 460]. The remaining assignments refer to the rulings of the court below. By the defendant's second point the learned judge was asked to instruct the jury that " There is no evidence to warrant or justify the jury in finding that at any time prior to the first of February, 1877, or at any other time, the defendants, Ashbaugh, Gates and Logue, were copartners of Sipler, as alleged in plaintiffs' pleadings." The court declined to affirm this point. This is the pinch of the case. While the evidence of the partnership was not strong, there was evidence, and more than a scintilla; enough to carry the case to the jury. If the verdict was against the weight of the evidence upon this point, the only remedy was to ask the court below to set it aside for that reason. There is no remedy here. We find no error in the rulings of the court.

Judgment affirmed.