# French *v.* Spencer, Appellant.

*Evidence—Sufficiency of evidence—Scintilla—Question for jury.*

The plaintiff is entitled to the benefit of every inference of fact which might have been fairly drawn by the jury from the evidence presented. Generally speaking, it is not necessary that the evidence in support of plaintiff's claim be clear or strong. If it amount to more than a mere scintilla, it should be submitted to the jury.

*Principal and agent—Husband and wife—Evidence.*

Owing to the intimate relation of husband and wife, their interests and duties are in many cases common, and, where these exist, the act of one may be presumed to be the act of the other upon slight evidence, and this is particularly the case where a moral or legal duty is imposed upon the husband to do what his wife has done.

In an action to recover for services in nursing defendant's mother, it appeared that the plaintiff, who was a niece of defendant, lived in the same town with her grandmother, and when the latter became ill notified defendant of the fact. Defendant's wife came to the town, took charge of the case, employed a nurse and physician, removed the old lady from her home to the home of the plaintiff, and agreed that plaintiff should be paid for her services. The defendant had knowledge of the fact that the plaintiff was caring for his mother, that a physician was attending her, and that his wife paid the physician for his services. When plaintiff presented her claim to him he made no objection or denial of liability, but promised to come to her and settle. It also appeared that the wife of the defendant was a woman of business capacity, that she took an active part in the management of defendant's business, drawing checks, signing his name thereto, keeping books of account, making computations and otherwise assisting him in his affairs. The defendant was in the habit of visiting his mother both before and during her illness, and prior to her illness had contributed to her comfort in numerous instances. *Held* that the evidence was sufficient to submit to the jury on the question whether the wife was the agent of the defendant in employing plaintiff.

Argued May 18, 1903. Appeal, No. 56, April T., 1903, by defendant, from judgment of C. P. Erie Co., Nov. T., 1898, No. 128, on verdict for plaintiff in case of Eva A. French and Joseph W. French v. Francis G. Spencer. Before RICE, P. J., BEAVER, ORLADY, W. D. PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for services rendered in nursing defendant's mother. Before WALLING, P. J..

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $141.68.   Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*Henry E. Fish,* with him *John S. Rilling,* for appellant. A wife who is entrusted by her husband to transact his ordinary business—has no authority to bind him by a special contract even when it has some relation to the same business: Webster v. McGinnis, 5 Binney, 235 ; Alexander v. Miller, Reed & Co., 16 Pa. 215.

*Danford R. Cushman,* for appellees.—The law will in some cases presume the wife to be the agent of her husband when no such presumption would exist as to another person ; and also will in some cases imply a larger authority to the wife than to an ordinary agent ; and this perhaps whether the husband be absent from home or not; and that in other cases where he is absent, a presumption would arise that his wife has authority to act in his behalf, which would not exist if he were at home : Benjamin v. Benjamin, 15 Conn. 347 ; Spencer v. Tisue, Addison, 316.

OPINION BY HENDERSON, J., October 5, 1903 :

The defendant's mother lived alone in the borough of North East in the spring of 1896.   She was about 87 years of age, and became quite ill.   Her granddaughter, the plaintiff, who lived in the same town, took care of her for several days. Finding that the condition of the old lady was becoming worse, the plaintiff sent word to the defendant and his wife, who lived at State Line, a few miles from North East, informing them of her illness, and shortly thereafter the wife of the defendant came to North East and made an arrangement with the plaintiff to take care of the old lady in the plaintiff's own home during her illness, and employed a physician to attend her.   The plaintiff was told by the defendant's wife that she should be well paid for taking the old lady to her home and taking care of her.   Pursuant to this arrangement, the old lady was removed to the home of the plaintiff and nursed and

cared for by her for about two months. The defendant visited his mother at the plaintiff's house at different times while she was there, and knew the plaintiff was nursing and caring for her. The defendant's wife told the doctor when she engaged him that " We pay all her bills."

Soon, after the termination of the plaintiff's services she saw the defendant and said to him that she was in need of money, and that she wished her pay for taking care of the old lady, and, as appears from the evidence of the plaintiff, the defendant told her that he would come up in a few days and settle with her.

The evidence offered by the plaintiff tends to show that the wife of the defendant was a woman of considerable business capacity, and that she took an active part in the management of his business, drawing checks and signing his name thereto, keeping books of account, making computations, and otherwise assisting him in his affairs. The defendant was in the habit of visiting his mother frequently before her illness, and contributed to her comfort in numerous instances.

The appellant contends that there was no evidence to be submitted to the jury, and that the court should have so charged.

The plaintiff is entitled to the benefit of every inference of fact which might have been fairly drawn by the jury from the evidence presented. Generally speaking, it is not necessary that the evidence in support of plaintiff's claim be clear or strong. If it amount to more than a mere scintilla, it should be submitted to the jury : Hill v. Nation Trust Co., 108 Pa. 3 ; Gates v. Watt, 127 Pa. 20.

We think the evidence in this case was sufficient to warrant its submission to the jury, both on the question of the agency of the appellant's wife and the ratification of her act by him. A wife, in that capacity, has no more authority to bind her husband than has a stranger, but authority or agency may be inferred more readily from her acts and the relation of her husband thereto than in ordinary cases. Owing to the intimate relation of husband and wife, their interests and duties are in many cases common, and, where these exist, the act of one may be presumed to be the act of the other upon slight evidence, and this is particularly the case where a moral or legal duty is imposed upon the husband to do what his wife has done. The

appellant was under moral, and perhaps legal, obligation, to care for his mother. Her estate was inadequate to meet the requirements of a protracted illness. The evidence indicates that he was the owner of considerable property. It does not appear that any other person could have been made liable for the support of the old lady. Soon after notice by the granddaughter to the appellant and his wife, the latter appeared and took charge of the case, employing a nurse and physician, and removed the old lady from her home to the home of the plaintiff. The defendant had knowledge of the fact that the plaintiff was caring for his mother, and that the physician was attending her, and his wife paid the physician for his services. When the plaintiff presented her claim to him, he made no objection or denial of liability, but promised to come to her and settle it. These facts, in connection with the evidence showing the manner in which the defendant's wife assisted him in his business, amount to more than a scintilla of evidence, and are sufficient to warrant the inference that the wife was the agent of the defendant in employing the plaintiff.

The evidence as to particular acts of the wife in connection with the business of her husband were admissible to show her active relation thereto, to aid the jury in determining whether the wife was acting on behalf of her husband in employing the plaintiff to take care of his mother. We think the case was submitted to the jury with proper instructions, and that no substantial error was committed by the learned judge of the court below. The reserved question did the defendant no harm. The record was evidently made up in the hurry of the trial, and the court properly ignored the reservation and entered judgment on the verdict.

The judgment is affirmed.