## Wetter v. Smith.

*Husband and wife—Automobiles—Agency of wife.*

1. The mere relation of husband and wife does not make the wife the husband's agent.

*Automobiles—Collision—Statement—Averment of wife's agency as driver —Admission—Practice Act of May 14, 1915.*

2. In an action of trespass to recover for damages to an automobile, caused in a collision with another automobile owned by defendant, an averment in the statement of claim "that said automobile belonging to the above named defendant, at said time and place, was being operated with the knowledge, consent, approval and sanction of the above named defendant, by his wife," is an insufficient averment of her agency, and, if no other evidence is offered at the trial as to her authority, or whether the car was engaged in the defendant's business at the time of the accident, the defendant will be entitled to binding instructions, notwithstanding the fact that he did not file an affidavit of defence; the failure to file the affidavit operated as an admission under section 13 of the Practice Act of May 14, 1915, P. L. 483, but, owing to the insufficiency of the averment, the admission did the defendant no harm.

Motion for judgment *n. o. v.* C. P. No. 1, Phila. Co., Sept. T., 1921, No. 331.

*F. Carroll Fow,* for plaintiff; *B. J. O'Connell,* for defendant.

SHOEMAKER, P. J., Feb. 14, 1924.—This was an action in trespass to recover for damages to an automobile, caused by negligence.

By the fourth paragraph of the statement of claim it was averred: "That said automobile, belonging to the above named defendant, at said time and place, was being operated with the knowledge, consent, approval and sanction of the above-named defendant, by his wife." No affidavit of defence was filed.

The 13th section of the Practice Act of May 14, 1915, P. L. 483, provides: "In actions of trespass, the averments, in the statement, of the person by whom the act was committed, the agency or employment of such person, the ownership or possession of the vehicle, machinery, property or instrumentality involved, and all similar averments, if not denied, shall be taken to be admitted in accordance with section 6. The averments of the other facts on which the plaintiff relies to establish liability, and averments relating to damages claimed, or their amount, need not be answered or denied, but shall be deemed to be put in issue in all cases unless expressly admitted."

Section 6 of said act is: "Every allegation of fact in the plaintiff's statement of claim, or in the defendant's set-off or counter-claim, if not denied specifically or by necessary implication in the affidavit of defence, or plaintiff's reply, as the case may be, or if no affidavit of defence or plaintiff's reply be filed, shall be taken to be admitted, except as against an infant, a person of unsound mind, or one sued in a representative capacity, as provided in section 7, and except as provided in section 13."

Paragraph four of the statement of claim was offered in evidence, but no testimony as to the authority of the person who was operating the automobile or whether it was engaged in plaintiff's business.

The averment of the statement that this car was "operated with the knowledge, consent, approval and sanction of the above-named defendant" seems to be qualified by the words "his wife," which is a limitation of the averment to the fact that she was the person who was the agent or employee of defendant who made him responsible for her acts, without any evidence of her authority other than his responsibility in law for her acts; therefore, as no liability of defendant arises from such relationship, there was no liability of defendant shown. The wife was the only person by whom the act was alleged

to have been committed, and, hence, unless she was the agent of defendant, the averment was not sufficient to establish liability.

In Markle v. Perot, 273 Pa. 4, it was held that "the liability of the owner of a motor-vehicle for the tortious act of the driver of his car, which causes injury to a third person, rests either on the relation of master and servant or of principal and agent, between the owner and the driver."

In 30 Corpus Juris, 614, it is stated that "the mere relation of husband and wife does not create the wife an agent of the husband, nor confer an inherent power to bind the husband as his agent." See French v. Spencer, 23 Pa. Superior Ct. 428.

And as the husband is not responsible for his wife's torts (Gustine v. Westenberger, 224 Pa. 455; Hinski v. Stein, 68 Pa. Superior Ct. 441), the averment in the statement of claim did not relieve the plaintiff from proving her agency, or that the car was being used in and about defendant's business, and the motion must be allowed, and, accordingly, judgment n. o. v. is entered in this case.