C. W. Raymond, trading as C. W. Raymond & Co., Appellant, v. Amos H. Schoonover, Assignee of Elizabeth Bunnell.

*Partnership—Assignment for creditors—Possession of property.*

An assignee for the benefit of creditors of one of the individual partners of a firm has no right to the possession of any part of the firm property.

Plaintiff sold machinery and appliances to a partnership, reserving the title to the property in himself until the purchase money should be fully

paid. After the purchasers had taken possession, one of the partners gave her individual judgment note to a bank which immediately entered judgment upon the note. Subsequently she made an assignment for the benefit of creditors. Plaintiff brought an action of replevin against the assignee for the property sold. The assignee defended under the title of the bank which claimed to be a lien creditor of the individual assignor partner, on the ground that the property in question had as fixtures become part of the realty, the legal title to which was in such assignor. *Held*, (1) that even if the bank were in a position to assert its lien against the title of plaintiff, nevertheless the lien gave no right of possession, and the verdict should have been directed for the plaintiff, with a special finding as to whether the property was or was not subject to the lien of the bank's judgment; (2) that on the undisputed facts a verdict should have been directed for the plaintiff; (3) that if the bank desired to assert its claim, it should have done so in its own name, and by its own appropriate proceeding.

*Practice, Supreme Court—Assignments of error—Evidence.*

An assignment of error to the admission of testimony which fails to quote the testimony violates Rule XXIV., and should be entirely disregarded.

Argued March 9, 1897. Appeal, No. 591, Jan. T., 1896, by plaintiff, from judgment of C. P. Monroe Co., Feb. T., 1895, No. 13, on verdict for defendant. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Replevin to recover machinery. Before ALBRIGHT, P. J.

At the trial it appeared that on April 28, 1874, plaintiff sold to Elizabeth Bunnell and W. R. Chapin, trading as the Saylorsburg Clay Company, a brick machine with the proper appliances, reserving to himself the title to the machinery until the purchase money should be paid. Mrs. Bunnell owned the land upon which the brick plant was erected.

About the last of June or first of July, 1894, the machinery and other articles purchased from the plaintiff arrived, and were placed in position at the brick works, in the building erected for the purpose. Very shortly after the firm commenced the manufacture of brick it stopped work for want of funds; and on October 31, Mrs. Bunnell made a voluntary assignment of all her real and personal property to the defendant, Schoonover, in trust for the benefit of her individual creditors; without mention, in the deed of assignment, of either partnership property or partnership debts.

Shortly after the receipt of the property in question by the

Saylorsburg Clay Co., Mrs. Bunnell borrowed $1,000 from the East Stroudsburg National Bank, on a four months' note with an indorser, and gave as collateral security for the loan, a judgment note for a like amount. Judgment was entered on this note immediately, and became a lien on all of Mrs. Bunnell's real estate in the county.

Milton Yetter, president of said bank, testified that before making the loan he examined the brick plant at Saylorsburg, and that the loan was made on the security of that and other property owned by Elizabeth Bunnell. He also examined the lien dockets, and found only one judgment of about $200 ahead of the bank's judgment. This testimony was received under objection and exception by plaintiff. [7]

Plaintiff's points and answers thereto were as follows:

1. The contract between plaintiff and the Saylorsburg Clay Company amounted to a conditional sale by the plaintiff by which it reserved or retained the ownership or title to the property until it was paid for, and plaintiff has the right, under that clause of the agreement, to recover this property against everybody except an innocent bona fide purchaser for value, without notice of the conditional sale, or execution creditors whose liens attached prior to plaintiff's attempt to reclaim the property. *Answer:* Negatived. As stated in the charge, the rights of lien creditors are to be considered. [8]

3. The property for which this action of replevin is brought, having been treated as personal property by both plaintiff and defendant, for the purposes of this case, it is to be considered as personalty and not realty. *Answer:* Negatived; but the only defense available depends on the rights of the judgment creditor. [9]

5. Partnership property, whether personalty or realty, cannot be taken in execution at the suit of the individual creditors of one of the partners. Partnership real estate is not subject to the lien of a judgment against an individual partner. So that, whether the property for which this replevin is brought be considered personalty or realty, neither the judgment creditors of Elizabeth Bunnell nor the assignee of Elizabeth Bunnell can set up the existence of judgments against Elizabeth Bunnell to defeat the plaintiff's claim, under the contract made with the Saylorsburg Clay Co. *Answer:* Negatived. [10]

7. Under all the evidence in the case the verdict of the jury should be for the plaintiff for the value of the property at the time of bringing of the suit, with interest thereon to date ; the latter awarded as damages for the detention. *Answer :* Negatived ; but if the jury find for the plaintiff, it ought to be for the sums here stated. [11]

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* among others were (2–7) rulings upon the admission of evidence, but not quoting the evidence admitted ; (8–11) above instructions, quoting them.

*S. Holmes,* with him *Henry J. Kotz,* for appellant.—A general assignment for the benefit of creditors by one of several partners gives the assignee no control over the partnership funds or claims : Moddewell v. Keever, 8 W. & S. ·63 ; Gregory's App., 15 W. N. C. 525.

The lot was held for partnership purposes : Du Bree v. Albert, 100 Pa. ·487 ; Erwin's App., 39 Pa. 535.

Where land is agreed to be made partnership stock there is an out and out conversion : West Hickory Mining Assn. v. Reed, 80 Pa. 38.

Even if the bank had a lien on the property in suit it would not constitute a defense in this form of action, because such a lien (the lien of a judgment) would give the bank neither a present title nor right of possession, necessary to recover or successfully defend in an action of replevin.

We hold that if the East Stroudsburg National Bank has an equity to be taken care of, in this case, it should have been protected by way of recoupment or apportionment, which would not have done such gross " inequity " to the plaintiff.   The jury should have been instructed to find in favor of plaintiff, subject to the payment of the lien of the East Stroudsburg National Bank : 20 Am. & Eng. Ency. of Law, 1124 ; O'Keefe v. Kellogg, 15 Ill. 347 ; Edelen v. Thompson, 2 Har. & G. (Md.) 31 ; Wright v. Funck, 94 Pa. 26 ; Williams v. Beede, 15 N. H. 483 ; Macky v. Dillinger, 73 Pa. 85 ; Matthias v. Sellers, 86 Pa. 492.

*W. A. Erdman,* with him *D. S. Lee* and *Charles B. Staples,* for appellee.—The assignments as to the admission of evidence

do not comply with the rules of court: Cornish v. Hooker, 141 Pa. 138; McElroy v. Braden, 152 Pa. 78.

A judgment entered upon real estate is a lien upon the fixtures similar in part to those which it is claimed were put upon this real estate: Ritchie v. McAllister, 14 Pa. 267; Witmer's App., 45 Pa. 455.

The defendant may plead property in himself or a stranger, and either, if established, will defeat the plaintiff's right of action: Johnston v. Gray, 19 Pitts. L. J. 123; Strauss v. Reen, 41 Leg. Int. 54; Armory v. Delamirie, 1 Sm. L. Cases, *374; Roberts v. Dauphin Deposit Bank, 19 Pa. 71; Powell v. Smith, 2 Watts, 126.

To maintain replevin the plaintiff must show in himself either a general or special property in the property replevined, and also the right of possession: Lester v. McDowell, 18 Pa. 91.

Opinion by Mr. Justice Mitchell, May 24, 1897:

This case presents one of those attempted shortcuts which not unfrequently prove to be the longest way round. Plaintiff sold the property replevied by him to the Saylorsburg Clay Company, a partnership, under an agreement whereby the title was to remain in the plaintiff until the property was fully paid for. The agreement was valid between the parties, and against every one else, until a superior right intervened. No such right appears in the present case. The defendant had no title at all of any kind. He was the assignee for the benefit of creditors of one of the individual partners, and as such had no right to the possession of any part of the firm property. As against him the plaintiff's title is clear. This the learned judge substantially ruled at the trial, but he allowed the assignee to defend under the title of the Stroudsburg National Bank, claiming to be a lien creditor of the individual partner assignor, on the ground that the property in question, machinery, had as fixtures become part of the realty, the legal title to which was in such assignor. The case was accordingly left to the jury on that question with direction to find for the defendant if the question was answered in the affirmative. But in so directing the court fell into error. The issue was not broad enough to carry the verdict, for even if the Stroudsburg Bank was in position to assert the lien of its judgment on these fixtures against the title of plaintiff, never-

theless the lien gave no right of possession, and therefore in that view of the case the verdict should have been directed for the plaintiff, with a special finding whether the property was or was not subject to the lien of the bank's judgment. The judgment is admitted to be less than the value of the machinery, and there is therefore a surplus of such value unquestionably the property of plaintiff, of which he has been deprived by the form of the verdict. Had there been the special finding the equity powers of the court might have been competent to do justice to the several interests involved, even under the disadvantage of a defense made in the right of a party who was not on the record, and who might or might not be in position to have been bound by the verdict had it been adverse. But as there was no such finding the judgment must be reversed, and we are of opinion that the case should be tried in the regular way, on the issue between the parties of record. On that issue the verdict must, on the undisputed facts, be directed for the plaintiff. If the bank desires to assert its claim, it must do so in its own name and by its own appropriate proceeding.

This disposition of the case renders it unnecessary for us to consider the assignments of error to the charge on the subject of fixtures in connection with the testimony as to the intent to put the land also into the partnership as part of the brick-making plant. We leave all those questions until they shall be presented by the parties really concerned with them.

It may be well again to call the attention of counsel to the fact that the second to the seventh assignments inclusive are in entire disregard of the rules of court. They stop with the overruling of the objections to questions, and contain nothing to show that any answers were given by which appellant was prejudiced. In strict practice such assignments should be entirely disregarded, and counsel violate the rule at their peril : Cornish v. Hooker, 141 Pa. 138 ; McElroy v. Braden, 152 Pa. 78.

Judgment reversed and venire de novo awarded.