## Joseph Mills, Appellant, v. City of Philadelphia.

187  287
187  289

*Negligence—Municipalities—Streets—Building materials.*

The temporary use of a part of a public street for building materials is lawful, if room be left for the passage of vehicles and notice be given at night of the obstruction.

A paving company in a semi-rural district placed a pile of cinders in a street, extending eight or ten feet into the cartway. A red light was placed on the pile. A person while driving at night ran into the pile and was injured. An hour before the accident happened a police officer passed the place, and noticed that the light was burning brightly. Fifteen minutes later it was seen by another witness, and it was then dim, and apparently going out. At the time of the accident it was out. *Held*, that the city was not liable.

In an action against the city for negligence in the care of its streets, it is not error to refuse to admit in evidence an ordinance requiring persons using said streets for building purposes to give notice of obstructions thereon in a prescribed way.

Argued March 25, 1898. Appeal, No. 28, Jan. T., 1898, by plaintiff, from judgment of C. P. No. 4, Philadelphia County, June T., 1897, No. 69, on verdict for defendant. Before Sterrett, C. J., Williams, McCollum, Dean and Fell, JJ. Affirmed.

Trespass for personal injuries.
The facts appear by the opinion of the Supreme Court.
The court gave binding instructions for defendant.
Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* among others was in giving binding instructions for defendant.

*Louis Brégy*, with him *H. Homer Dalbey*, for appellant.—The case was for the jury: Howett v. R. R., 166 Pa. 607; Bloomsburg Steam Co. v. Gardner, 126 Pa. 80; Bruch v. Phila., 181 Pa. 588; Scranton City v. Gore, 124 Pa. 595; Born v. Plank Road Co., 101 Pa. 334; McNerney v. Reading City, 150 Pa. 611; Chilton v. Carbondale, 160 Pa. 463; Altoona v. Lotz, 114 Pa. 238.

*F. Spencer Miller*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellee, cited People v. Cunningham,

1 Denio, 524; Com. v. Passmore, 1 S. & R. 217; Palmer v. Silverthorn, 32 Pa. 65; Mallory v. Griffey, 85 Pa. 275; Borough of West Chester v. Apple, 35 Pa. 284; Ervin v. P. & R. R. R., 89 Pa. 71; McNerney v. Reading City, 150 Pa. 611; Cromarty v. Boston, 127 Mass. 329; Hayes v. Cambridge, 138 Mass. 461.

OPINION BY MR. JUSTICE FELL, July 21, 1898:

The facts proved at the trial would not have warranted a verdict against the city. The plaintiff, while driving at night, ran into a pile of cinders which had been placed on one side of a street by a paving company which was engaged in the construction of a pavement in the yard of an abutting property. The cinders had been in the street four or five days, and extended out eight or ten feet into the cartway. At night a red light had been placed by the company at one end of the pile, at an elevation of five feet. An hour before the accident happened a police officer passed the place and noticed that the light was burning brightly; fifteen minutes later it was seen by another witness, and it was then dim and apparently going out; when the plaintiff passed it was out.

The temporary use of a part of the street for building materials was a lawful use. As there was ample room left for the passage of vehicles, the only danger to be apprehended was from the failure of the paving company to give notice of the obstruction at night. The duty of giving notice of the obstruction was imposed upon the company, and was undertaken by it. The city was not liable for the neglect of the company unless the neglect was continued for such a length of time that notice of it could be implied. The police officer in the regular course of his duty passed the place at intervals of a little more than an hour, and the accident happened within three quarters of an hour of the time he saw the light burning brightly. A closer supervision than this by the city of a street in a semi-rural district could not be required.

The refusal to admit in evidence the city ordinances which provide for the placing of lights by persons occupying the streets for the storage of building materials, did not injure the plaintiff. These ordinances could not have given rise to a liability on the part of the city. Had there been a question of contrib-

utory negligence, their admission in evidence might have been important to show that the plaintiff in driving in a dark street relied upon having notice of an obstruction. But there was no such question in the case. Assuming that he was free from negligence, the direction to find for the defendant was right.

The judgment is affirmed.