# Loeweke *v.* Lumberman's Building & Loan Association, Appellant.

*Appeals—Assignments of error—Practice, Superior Court—Rule XIX and XVI.*

An appeal will be quashed where one of the assignments of error embraces three distinct points, and where the other two assignments of error relating to the admission of testimony do not quote the questions or answers, the ruling of the court thereon and the testimony or evidence admitted, with reference to the pages of the paper-book.

Argued Oct. 9, 1902. Appeal, No. 45, Oct. T., 1902, by defendant, from judgment of C. P. No. 3, June T., 1900, No. 185, on verdict for plaintiff in case of Ernest Loeweke v. Lumberman's Building & Loan Association of Philadelphia. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Appeal quashed.

Assumpsit for a breach of contract. Before McMICHAEL, J.

Verdict and judgment for plaintiff for $350. Defendant appealed.

*Errors assigned* were :

1. The learned court below erred in declining to affirm the points submitted by the defendant for charge to the jury as follows :

(*a*) That no demise having been made by the defendant to the plaintiff, their verdict should be for the defendant.

(*b*) That under the receipt offered in evidence defendant was not to incur any liability, and their verdict should be for the defendant.

(*c*) That under all the evidence their verdict should be for the defendant.

2. In allowing expert testimony to be given to the jury of the value of the leasehold.

3. In admitting the testimony of Frederick Sylvester as an expert as to the value of the lease.

*Charles H. Downing*, for appellant.

*Robert B. Kelly,* for appellee.

PER CURIAM, November 19, 1902:

The errors complained of in this case are not assigned in accordance with our rules. The first assignment transgresses Rule 14, which provides: "Each error relied on must be assigned particularly, and by itself. If any assignment embrace more than one point, or refer to more than one bill of exceptions, or raise more than one distinct question, it shall be considered a waiver of all the errors so alleged." This assignment relates to the answer of the court to three distinct points for charge, each of them raising a different question. It is, therefore, bad.

The second and third assignments transgress Rule 16: "When the error assigned is to the admission or rejection of evidence, the specification must quote the questions or offers, the ruling of the court thereon, and the testimony or evidence admitted, if any, together with a reference to the page of the paper-book where the matter may be found in its regular order in the printed evidence or notes of trial." These requirements are all disregarded in these specifications, which relate to testimony not quoted, to rulings thereon not given and without a reference to the pages of the paper-book. The appeal is, therefore, quashed.