## Mathushek Piano Manufacturing Company, Appellant, v. Engberry.

*Appeals—Assignments of error—Violation of rules of court.*

Assignments of error based upon the charge will be dismissed where the appellant did not except to the charge, or request that it be reduced to writing and filed, before verdict rendered.

Assignments of error based on answers to points and the admission of testimony, will not be considered where the points and the testimony referred to are not set out in the assignments.

The refusal to grant a new trial is not ground for reversal unless there be manifest and flagrant abuse of discretion.

Argued April 17, 1906. Appeal, No. 55, April T., 1906, by plaintiff, from judgment of C. P. Washington Co., Nov. T., 1904, No. 36, on verdict for defendant in case of Mathushek Piano Mfg. Co. v. I. M. Engberry and James H. Meek. Before RICE, P. J., ORLADY, PORTER, MORRISON, HENDERSON, and HEAD, JJ. Affirmed.

Replevin for a piano. Before TAYLOR, J.

The form of the assignments of error appear by the opinion of the Superior Court.

*R. H. Meloy*, for appellant.

*R. W. Irwin*, of *Irwin & Morgan*, with him *J. M. Patterson*, for appellee.

PER CURIAM, April 23, 1906:

All of the assignments of error based upon the charge must be dismissed, because the appellant did not except to the charge,

nor request that it be reduced to writing and filed, before verdict rendered: Curtis v. Winston, 186 Pa. 492. To the assignments based on the answers to the points and the admission of testimony there is the additional objection that the points and the testimony referred to are not set out in the assignments, as required by rules XV and XVI. As to the eighth assignment, it is sufficient to say, that the refusal to grant a new trial is not ground for reversal unless there be manifest and flagrant abuse of discretion, and that nothing of that kind appears here.

All the assignments of error are dismissed and the judgment is affirmed.