# McLaughlin v. Kelly, Appellant.

*Negligence—Municipalities—Defective sidewalks—Pedestrians — Defective grating—Notice—Landlord and tenant.*

1. The public has the right to use the whole of the unoccupied portion of a city pavement from the building line to the curbstone, and the primary duty of keeping it in repair rests upon the owner of the abutting premises.  It is the duty of the property owner to exercise the same care in keeping in good condition a grating covering a hole in the sidewalk as any other part of the pavement and the proximity of the hole to the building is immaterial.

2. If a sidewalk becomes defective while in the occupancy and control of a tenant, resulting in injury to a third person, the tenant is liable; and if the defect existed at the time of the demise, the landlord is responsible.

3. Notice of the existence of a defect in a sidewalk should be imputed to the owner of the abutting building within a much less time than that necessary to charge a municipality with notice.

4. In an action against a landlord by a pedestrian to recover damages for personal injuries a verdict for the plaintiff will be sustained where plaintiff's proof shows that while out walking in the evening she stopped to talk to some friends and in stepping aside on a sidewalk to avoid the crowd on the street fell into a hole covered with an iron grating resting on a wooden frame, in front of defendant's building; that defendant had owned the property for about twenty years, during which time there had been no change made in the hole and no repairs

made to the covering, that in 1904 he let the premises to a tenant until April, 1905, and in January, 1905, he relet the premises for three years to the same tenant, who was in possession at the date of the accident; that at the time of the accident the wooden framework supporting the grating was entirely rotted away and that it had been in a defective condition for ten or fifteen years.

5. Where in such case the defendant testifies that during his twenty year ownership of the property he visited it once a month to collect the rents but made no examination of the grating himself and had no inspection made by anybody else, the question of the landlord's actual or constructive knowledge of the defect is for the jury.

*Practice—Verdict—Remittitur—New trial—Provision for payment.*

6. Where the trial court makes an order granting a new trial unless plaintiff files a stipulation within five days that he will accept a certain reduced sum in full satisfaction of his judgment provided the same be paid within ten days of the filing of the stipulation and the plaintiff files the remittitur but the defendant does not pay the same within ten days thereafter, the Supreme Court will not reverse a judgment entered on the full verdict.

Argued Oct. 28, 1910. Appeal, No. 144, Oct. T., 1910, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1907, No. 648, on verdict for plaintiff in case of Mary McLaughlin v. Edward Kelly, Jr. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KENNEDY, P. J.

The facts appear in the opinion of the Supreme Court.

Verdict for plaintiff for $3,750. The court made the following orders:

And now, to wit, May 11, 1910, it is ordered that if plaintiff will within five days from this date file a stipulation, that she will accept in full satisfaction of the verdict in this case the sum of $2,200 and costs, provided the same is paid within ten days from the filing of said stipulation a new trial be refused otherwise that a new trial be granted.

And now, to wit, this June 3, 1910, it appearing to the court that on March 8, 1910, a verdict was rendered in

favor of the above-named plaintiff and against the above-named defendant in the sum of $3,750 and motions for a new trial and judgment non obstante veredicto both having been refused the court made the following order (quoting above order).

And whereas, plaintiff filed a stipulation on May 14, 1910, accepting $2,200 as provided in said order of May 11, 1910, and it appearing further that said defendant has failed and refused to pay said sum of $2,200 and upon payment of the verdict fee the prothonotary, in error entered judgment on said verdict in the sum of $2,200 instead of $3,750.

It is therefore ordered and decreed upon motion of L. S. Levin, attorney for plaintiff, that the entry of said judgment be corrected to read in favor of plaintiff and against defendant in the sum of $3,750 instead of $2,200.

*Errors assigned* were various instructions and rulings of the court and (7, 8) the above orders, quoting them.

*Willis F. McCook*, with him *B. J. Jarrett*, for appellant.—There was no such danger as the law holds a man to contemplate or provide against or such a danger as affected the safety of the sidewalk: Quinn v. Phila., 224 Pa. 176; King v. Thompson, 87 Pa. 365; Stackhouse v. Vendig & Co., 166 Pa. 582; Stewart v. Jermon, 5 Pa. Superior Ct. 609.

If the defendant was not entitled to binding instructions, the trial judge did not give the jury proper instructions: McNerney v. Reading City, 150 Pa. 611; Feather v. Reading, 155 Pa. 187; Rachmel v. Clark, 205 Pa. 314; Drinkwater v. Quaker City Cooperage Co., 208 Pa. 649; Iseminger v. York Haven W. & P. Co., 206 Pa. 591; Easton Boro. v. Neff, 102 Pa. 474; Ayres v. Wanamaker, 220 Pa. 313; Hayes v. Penna. R. R. Co., 195 Pa. 184; Kelchner v. Nanticoke Boro., 209 Pa. 412.

To establish constructive notice there should be some fact or facts from which such notice could be inferred:

Lohr v. Boro., 165 Pa. 109; Lindstrom v. Penna. Co., 212 Pa. 391; Johns v. Penna. R. R. Co., 226 Pa. 319.

The duty of an owner of property not in possession should not be any greater than the duty of a municipality as to sidewalks under its control: Lindstrom v. Penna. Co., 212 Pa. 391; Cunningham v. Rogers, 225 Pa. 132.

*Leonard S. Levin*, for appellee.—The public has the right to the proper use of every portion of a public highway: Stewart v. Alcorn, 2 W. N. C. 401; Dickson v. Hollister, 123 Pa. 421.

When a landlord places a tenant in possession of premises on which there is a defective sidewalk the mere fact of the tenant's occupancy when an injury occurs will not relieve the landlord: Kirchner v. Smith, 207 Pa. 431; Reading City v. Reiner, 167 Pa. 41.

The court had a right to make the orders complained of: Fleming v. Dixon, 104 Pa. 67; Campbell v. Pittsburg Bridge. Co., 23 Pa. Superior Ct. 138; Homestead Bank v. McBroom, 4 W. N. C. 410.

OPINION BY MR. JUSTICE MESTREZAT, January 3, 1911:

This is an action of trespass brought by a pedestrian to recover damages for injuries she sustained in falling into an opening in the pavement on Wylie avenue, Pittsburg. The plaintiff testified that she was walking on the pavement in front of defendant's premises about eight o'clock on the evening of November 3, 1906, and, meeting some friends, stopped to talk to them. The street was crowded and in stepping aside to avoid the crowd she fell into a hole in front of defendant's building and was severely injured. The hole led into the cellar and was covered by an iron grating resting on a wooden frame. It extended about fourteen inches from the building and was twenty-eight inches long and twenty-six inches wide. The plaintiff alleges that the framework had become rotten and insufficient to properly support the grating, and that its defective condition was the result of the defendant's negligence.

At the time of the accident the premises were leased to and in the actual possession of a tenant. The defendant had owned the property for about twenty years during which time there had been no change made in the hole and no repairs made to the covering. In May, 1904, he let the premises to a tenant until April 1, 1905. In January, 1905, he relet the premises to the same tenant for a period of three years from April 1, 1905. This tenant was in possession in November, 1906 when the plaintiff fell into the hole and was injured.

The defendant denies that the plaintiff's injuries resulted from his negligence because: (a) the grating was so close to the building and away from the line of travel that he could not be held to have foreseen the accident, and the length of time in which the sidewalk had been used removed any doubt as to its reasonable safety; (b) the premises were in possession of a tenant whose duty it was to repair; and (c) the evidence was insufficient to impute notice of the defect to the defendant.

We do not think any of these reasons sufficient to defeat the action. The proximity of the hole to the building did not relieve the defendant from using reasonable care to keep the grating and its wooden support in proper and safe condition. The public had the right to use the whole of the unoccupied portion of the pavement—from the building line to the curbstone—and the primary duty of keeping it in repair rested upon the owner of the abutting premises. The grating was a part of the sidewalk, and it was the duty of the property owner to exercise the same care in keeping it in safe condition as any other part of the pavement. It has been ruled by this court that a property owner maintaining a coal hole .or other opening in a sidewalk is bound to know that persons will pass and repass and step upon the cover without apprehending danger, and he is, therefore, held to care and diligence in keeping it secure. This applies to the whole sidewalk which is open and in use by the public.

We are not impressed with the argument that the

length of time the grating had been in use removed any doubt as to its reasonable safety. If that be true, the wood and iron in a pavement or building would become more durable as the years went on, and consequently the necessity for inspection and repairs would diminish with the growing age of the structure. The fallacy of such logic is apparent. On the contrary, the fact that this grating had been supported by the same wooden frame for at least twenty years to the defendant's knowledge, and possibly for a much longer time, was notice to him as a prudent man that effective inspection might show that the iron and the wood supporting it should be replaced. The defendant's own testimony discloses that he did not make such inspection as would detect the real condition of either the grating or its wooden support.

That the premises at the time of the accident were in possession of a tenant does not under the circumstances relieve the defendant from his duty to inspect and repair the pavement. The primary duty of keeping a sidewalk in repair rests upon the owner of the abutting premises. The municipality is liable to a party injured by reason of its defective condition but the owner is ultimately responsible. If the sidewalk becomes defective while in the occupancy and control of a tenant resulting in injury to a third person, the tenant is liable, and if the defect existed at the time of the demise, the landlord is responsible to the injured party. This is ruled in many cases: Knauss v. Brua, 107 Pa. 85; Fow v. Roberts, 108 Pa. 489; Wunder v. McLean, 134 Pa. 334; Reading City v. Reiner, 167 Pa. 41; Brown v. White, 202 Pa. 297; Kirchner v. Smith, 207 Pa. 431. The landlord cannot relieve himself from liability by placing the tenant in possession of the property. It is his duty to remove the nuisance or defect before he delivers the premises to the tenant, and if injury results on account of his failure to perform this duty he is not relieved from liability by reason of the tenant's possession. To relieve a landlord from liability under such circumstances would be, as said by BAR-

rows, J., in Campbell v. Portland Sugar Co., 62 Me. 552 (16 Am. Rep. 503), contrary to public policy and substantial justice, for it would not infrequently operate to deprive the injured party of all remedy except against an irresponsible tenant through whom a negligent landlord would reap the profits, without bearing the responsibilities of his proprietorship.

While the defendant had been the owner of the property for twenty years or more, it seems that during all that time it had been in possession of a tenant. As noted above, the defendant let the premises until April 1, 1905, and during the preceding January he relet to the same tenant for a term of three years from April 1, 1905. The accident occurred in November, 1906. It was claimed by the plaintiff on the trial and she submitted testimony to show that the defect in the sidewalk existed at the time the premises were let to the tenant who was in possession when the plaintiff fell in the hole and was injured. It is contended by the defendant that by reason of the tenancy he was not in possession of the premises and, therefore, could not have repaired the grating. But this position is not tenable. The ground of the defendant's liability for the nuisance is that it existed at a time when he had the opportunity or power to abate or remove it and failed to do so. When the lease was executed and the term was created, the finding of the jury is that the defect existed. It was then his duty before renewing the lease to have abated the nuisance. It was within his power to do so and his failure to exercise that power imposes liability. "Nor do I perceive how the liability of the landlord in such cases," says Magie, J., in Ingwersen v. Rankin, 47 N. J. L. 18 (54 Am. Rep. 109), "will be diminished by the fact that he renewed the tenant's lease without retaking actual possession. Such a conclusion would be opposed to the principles creating and governing his liability. If a nuisance is created during a term already existing, no liability falls on the landlord pending that term, for the reason that he has no legal

means of abating the nuisance. He cannot enter upon his tenant's possession for that purpose, and would be a trespasser if he did so. But when the term expires his right of entry and power to abate at once arise and for that reason a liability commences. If he declines to re-enter and abate the nuisance, and relets the premises, the liability which arose at the termination of the term will be neither discharged nor abated. The test of his liability in such case is his power to have remedied the wrong. If he has, but fails to exercise such power his liability remains. The cases seem to be uniform in this view." The same doctrine prevails in England: Rex v. Pedly, 1 Ad. & E. 822; Rich v. Basterfield, 4 C. B. 782; Todd v. Flight, 30 L. J. Ch. 21; and in New York: Clancy v. Byrne, 56 N. Y. 129 (15 Am. Rep. 391); Swords v. Edgar, 59 N. Y. 28 (17 Am. Rep. 295); Ahern v. Steele, 115 N. Y. 203 (12 Am. St. Rep. 778).

We do not agree with the contention that the evidence was not sufficient to warrant submitting the question of actual and constructive notice to the defendant of the defect in the sidewalk. This is not an action against the municipality but against the owner of the premises whose duty it was primarily to keep the premises in repair: Duncan v. Phila., 173 Pa. 550; Mintzer v. Hogg, 192 Pa. 137. As said by Mr. Justice Clark in Dickson v. Hollister, 123 Pa. 421, 429: "It was his duty to exercise reasonable care and diligence, not only in making, but in keeping it (the sidewalk) safe and secure. He was bound to know that persons would pass and repass on this pavement not only in day time, but in the night time also. . . . It is quite certain that this cover was not se-cure, or it would not have turned, and the jury has found that its insecure condition was owing to the defendants' want of due diligence and care concerning it. It is ab-surd to say that in order to charge the owner of the prem-ises with notice, 'the defect must be so notorious as to be evident to all pedestrians passing in the immediate neighborhood!'" The primary duty, therefore, rested

upon the defendant as landlord to exercise the care of a reasonably prudent man to protect the public using the sidewalk from dangers necessarily incident to a defective covering of the hole in the pavement. It was testified that the grating rested on wooden strips or framework and that at the time of the accident "the entire framework was entirely rotted away." The testimony further showed that it had been in a defective condition for ten or fifteen years. This, it is true, was simply the opinion of the witness based on the condition of the framework at the time of the accident, but he, being a carpenter of thirty years experience, was competent to testify on the subject, and hence the court could not have withdrawn the testimony from the jury. The defendant testified that during his twenty years ownership of the property he visited it once a month to collect the rents, but made no examination of the grating himself and had no inspection made by anybody else. If the testimony of the other witnesses be believed, the wooden framework had decayed to such an extent as to be wholly insufficient to support the grating, thereby creating a defective covering of the hole which was a menace to every pedestrian who had occasion to use that part of the sidewalk. The evidence was sufficient to show that the defendant knew the condition of the covering over the hole if he had exercised the care required of him. He occupied a different position from that of the municipality. The owner has a primary duty to keep the sidewalk in a safe condition, while the duty of the municipality is secondary and supplemental, to see that the owner makes and maintains a safe pavement: Lohr v. Philipsburg Boro., 156 Pa. 246. The law charges a municipality with notice of a defect if it has existed a sufficient length of time to be observed by its officers exercising reasonable supervision. But notice should be imputed to the owner after the defect has existed for a much less time, because he gives the property his constant attention and the defect is sooner discernible. We think the jury was right in finding that

under the circumstances the defendant did know or by the exercise of reasonable diligence could have known of the defective covering over the hole in the sidewalk which caused the plaintiff's injuries.

Whether or not the defendant had actual knowledge was for the jury under the testimony submitted. He visited the premises at least once every month for twenty years to collect the rents. He says he "couldn't see anything wrong with it," implying that he did see the grating at least on some of the visits. O'Toole, a witness called by the defendant, was employed to lay a new pavement on the sidewalk but had nothing to do with the grating or its support, and hence his testimony could not aid the jury in determining the condition of the iron grating and its wooden support. If the support was rotten and worthless at the time of the accident, and for several years prior thereto, as testified by the witness, the defendant saw it and permitted it to remain in the insecure condition, or was entirely incapable of making a proper inspection. In either case he, as owner of the premises, failed to perform the duty of a reasonably prudent man, and must accept the penalty which the law imposes for his negligence.

The question of the contributory negligence of the plaintiff is not before us. When she stepped aside to avoid the crowd she was still on the pavement, and that act did not convict her of negligence. Under the evidence, she was on the sidewalk and where she had the right to be. She testifies that she was exercising care when she stepped toward the building. "Q. Were you using the care that you usually use when you walk on the sidewalk? A. I certainly was, I tried to be as careful as possible." The cover on the hole was apparently substantial and safe, and the plaintiff was not required to make a critical examination before stepping on it. In the absence of knowledge to the contrary, she had the right to assume that it would support her weight. The request for binding instructions, therefore, could not have been granted

on the ground that the plaintiff, by her negligence, contributed to her injuries. If the defendant desired further or more specific instructions as to plaintiff's negligence than the court had given, they should have been requested in points embodying the instructions desired: Conner v. Traction Co., 173 Pa. 602; Leary v. Traction Co., 180 Pa. 136.

The ninth assignment violates rule 31, and hence will not be considered: Readdy v. Shamokin, 137 Pa. 92; Raymond v. Schoonover, 181 Pa. 352. The sixth assignment must be dismissed as there was evidence from which the jury could determine the plaintiff's expenses incurred by reason of her injuries, and there is nothing to show that they were unreasonable. The matters of practice complained of in assignments seven and eight are in substantial accord with the practice approved in Fleming v. Dixon, 194 Pa. 67, and hence those assignments are not sustained.

The judgment is affirmed.