# Mosier *v.* East Stroudsburg Borough, Appellant.

*Negligence—Boroughs—Sidewalks—Obstruction of sidewalk during repairs—Notice.*

1. When a sidewalk has become worn out it is the duty of the abutting owner to replace it with a new one, and while the new pavement is being constructed he has the right to erect barriers to exclude the public from intrusion upon the work until the new pavement is fit for use. The duty of giving notice of the obstruction by setting up lights so that persons may not fall over the obstruction during the nighttime is upon the person doing the work, presumably the abutting owner. The municipality in which the sidewalk is situated is not liable for the neglect of the owner unless the neglect is continued for such a length of time that notice of it can be implied.

2. Where the owner in constructing a new concrete sidewalk in a borough places a wire netting at one end thereof at night to exclude the public, and places a lighted lantern in such a position as to show the netting, a person who falls over the netting at night and is injured cannot recover damages from the borough, where the evidence shows that the lantern was lighted and in proper position within an hour before the accident, although at the time of the accident the light had gone out.

Argued Dec. 3, 1912. Appeal, No. 44, Oct. T., 1912, by defendant, from judgment of C. P. Monroe Co., May T., 1911, No. 21, on verdict for plaintiff in case of Madison D. Mosier v. East Stroudsburg Borough. Before RICE, P. J., HENDERSON, MORRISON, HEAD and PORTER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before STAPLES, J.

The circumstances of the accident are set forth in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Errors assigned* were in refusing binding instructions for defendant and in refusing judgment for defendant n. o. v.

*Harvey Huffman,* with him *Ira A. LaBar,* for appellant.— We think the case is ruled in all its parts by the case of Mills v. Phila., 187 Pa. 287. See also Mattimore v. Erie City, 144 Pa. 14; McLaughlin v. Kelly, 230 Pa. 251; Frazier v. Butler Borough, 172 Pa. 407; Hanson v. Warren Boro., 22 W. N. C. 133; Davis v. Corry City, 154 Pa. 598.

*Rogers L. Burnett,* for appellee.

OPINION BY PORTER, J., April 21, 1913:

The plaintiff brought this action to recover for personal injuries alleged to have been sustained from a fall upon a public sidewalk. He averred in his statement that while lawfully walking on the sidewalk of Analomink street and upon reaching a point upon the said sidewalk opposite the residence of Mrs. Singer, by reason of the existence of a dangerous obstruction, consisting of a wire netting stretched across the west end of the sidewalk above referred to, which said wire netting was about eighteen inches in height and was negligently permitted by the

said defendant to remain across the end of the said sidewalk, and also by reason of the total absence of any light to warn pedestrians of the existence of the said dangerous obstruction at the point described, he, the plaintiff, with no knowledge of the existence of said obstruction, fell over the said wire netting and was injured.   He recovered a verdict and judgment in the court below and the defendant appeals.

The evidence disclosed that about a week prior to the accident, Mrs. Singer, the owner of the abutting property, had undertaken the construction of a new concrete sidewalk in front of her residence and the work had been completed three or four days before the date in question, but barriers had been set up to exclude the public from the sidewalk, in order to give the pavement time to harden. The barrier at the west end of the new sidewalk, the point where the accident happened, consisted of a gate, taken from the fence of the back yard of the owner, composed of pieces of wood two by four in size, to which wire netting was fastened by staples, the gate being two feet or a little over in height.   The plaintiff testified that on the night of April 16, 1910, while passing eastwardly along the street he fell over this obstruction upon the sidewalk, that the night was very dark, that there was no light at the place of the obstruction and that he could not see the obstacle before falling over it.   The plaintiff called other witnesses who testified that this obstruction had been maintained across the end of the sidewalk for several days.   One of the witnesses so called happened to be a member of the council of the defendant borough and he testified that he had known that the new sidewalk was being constructed. When asked how it was protected, he said that he did not take much notice, but his recollection was that across one end of the sidewalk there had been a stepladder and at the other end there had been a wire stretched across. This witness happened to pass through the street immediately after the plaintiff fell and he found the latter lying on the sidewalk, and beside him there was lying a lantern

which was not then burning.  There is no evidence in the case that this man, who happened to be a councilman, had prior to that moment visited the location at night, or had any knowledge that lights had not been constantly maintained at night at the location of the obstruction upon the sidewalk.  We make this observation because of the comment of the court below upon the supposed knowledge of this councilman and its effect to render the borough liable.  One of the witnesses, called by the plaintiff, Lewis Lord, under examination of counsel for plaintiff testified as to the measures taken to exclude persons from the new sidewalk during the process of its construction and particularly described the barrier placed at the western end, where the plaintiff fell.  This witness admitted, upon cross-examination, that he had himself at half past eight o'clock on the night in question, placed a lighted lantern at the western end of the new sidewalk, putting it on the new pavement about two or three feet inside of the wire gate which extended across the sidewalk; this would place the wire gate, which was testified to have had "meshes three or four inches apart," thus permitting the light to freely pass through, directly between the light and any person approaching from the west.  This witness testified that having thus placed the light for the night, he started for his own home and that after he got above Green street, pretty near his own house, he turned and looked back and could from that point see that the lantern was still burning.

The duty of constructing and keeping sidewalks in repair is primarily upon the owner of abutting property.  When a sidewalk has become worn out it is the duty of the abutting owner to replace it with a new one and while the new pavement is being constructed he has the right to erect barriers to exclude the public from intrusion upon the work until the new pavement is fit for use.  The duty of giving notice of the obstruction, by setting up lights, so that persons may not fall over the obstruction during the nighttime, is upon the person doing the work, pre-

sumably the abutting owner. This duty the owner did in this case undertake to discharge, and she testified at the trial that the light had been placed near the obstruction each night of its existence. The municipality was not liable for the neglect of the owner unless the neglect was continued for such a length of time that notice of it could be implied. The construction of the new sidewalk was not an act of negligence, nor was the maintenance of a barrier to prevent intrusion upon the pavement until it was completed; these were lawful acts. The fact that the obstruction was being lawfully maintained, imposed upon the owner the duty to give notice of the obstruction by maintaining lights, during the nighttime. The municipality had in this case required no change in the grade of the sidewalk, it had not ordained a change in the grade of the street, and there was in fact no change in the grade of the sidewalk. The present action was not brought against the property owner who erected the obstruction, but against the borough. The conditions of liability are very different in the case of a borough from those which are controlling in the case of the property owner who. has lawfully set up the obstruction. The liability of the latter depends only upon the fact of his negligence, resulting in the plaintiff's injury. But the liability of the borough is not a necessary consequence of the mere neglect of the owner. The borough would not become liable for the neglect of the owner unless that neglect was continued for such a length of time that notice of it could be implied: Mattimore v. Erie City, 144 Pa. 14; Mills v. Philadelphia, 187 Pa. 287; McLaughlin v. Kelly, 230 Pa. 251.

There was no testimony in this case from which a jury should have been permitted to find that the barriers maintained around this sidewalk were of such a character as to involve any danger to the public, so long as a light was maintained. There was no deep excavation, into which any person might fall, the only necessity for a barrier was to keep persons off the new soft pavement. The only danger was that persons might fall over the barrier,

and the only way to avoid that was to maintain a light. Now the plaintiff did not call a single witness to testify that lights had not been maintained during every night preceding the night of the accident. The only testimony as to the maintenance of lights on the preceding nights was that produced by the defendant, to the effect that lights had been so maintained. The plaintiff contented himself by merely showing the maintenance of the barrier, during a number of days, and that there was no light at the time he fell over the obstruction. There was no evidence from which a jury should have been permitted to infer that the obstruction could not have been plainly seen if the lantern which had been lighted within an hour before the accident, had continued to burn. We are not called upon here to decide whether the evidence was sufficient to warrant a finding that the property owner was guilty of negligence. The burden was upon this plaintiff not only to show that the property owner was guilty of negligence, but that that neglect had continued for such a length of time that notice of it to the borough could be implied. The lighted lantern which rendered the locality safe was burning between half past eight and nine o'clock, it had gone out and the accident happened within an hour after that time; the dangerous condition did not arise until the light was extinguished, and the accident happened within an hour. The time elapsed was not sufficient to warrant the court below in submitting to the jury the question of whether or not the borough authorities ought to have known of that dangerous condition and furnished a remedy. This case is ruled by Mills v. Philadelphia, 187 Pa. 287, and we are bound to follow that decision. The point submitted by the defendant requesting binding instructions ought to have been affirmed, and the motion of the defendant for judgment non obstante veredicto should have prevailed.

The judgment is reversed and the record is remitted to the court below with direction to enter judgment in favor of the defendant non obstante veredicto.