Kelly, Appellant, *v.* Horn.

Argued September 30, 1952; reargued March 26, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*Ernest Ray White,* for appellant.

*Lynn L. Detweiler,* with him *Swartz, Campbell & Henry,* for appellees.

OPINION BY DITHRICH, J.:

This is an action in trespass. Plaintiff was injured September 28, 1948, when one of two cellar doors forming part of the public sidewalk abutting on premises owned by defendant Beatrice Horn, a resident of New York, and leased April 23, 1946, to defendant Jack Weinstein,[1] collapsed under him. A jury returned a verdict for plaintiff against both defendants in the amount of $800, but the court below entered judgment n.o.v. for the defendant-owner, holding that "There was no reliable evidence . . . that the cellar doors were defective at the time of the leasing of the premises, or that the owner defendant had knowledge or notice that a defective condition existed." Plaintiff appeals from the entry of judgment n.o.v. for the owner.

The premises, leased entirely to tenant-appellee, consisted of a building with a small store on the first floor, living quarters on the second floor, and a cellar or basement. Two steel doors, each two feet by three and one-half feet, were set side by side into and flush with the concrete sidewalk in front of the building, cov-

---

[1] Prior to trial, defendant Jack Weinstein died and the administratrix of his estate was substituted as party defendant.

ering a stairway extending from the sidewalk downward into the basement of the building. The doors opened upward and outward, each swinging on two steel strap hinges, about three-eighths of an inch thick, one and one-half inches wide, and ten inches long, by which the doors were joined to a door frame made of two-inch angle iron. The doors collapsed as a result of the condition of the hinges which had been weakened by rust.

In *Ford v. Philadelphia,* 148 Pa. Superior Ct. 195, 199, 24 A. 2d 746, this Court said, in an opinion by RHODES, J., now P. J.: "It is generally recognized that a tenant is primarily liable if a sidewalk becomes defective while in the occupancy and control of the tenant resulting in injury to a third person, *but that the landlord is liable for defects which exist at the time of executing the lease.* McLaughlin v. Kelly, 230 Pa. 251, 256, 79 A. 552; Briggs et al. v. Philadelphia et al., 316 Pa. 48, 51, 173 A. 316." (Emphasis added.) And at page 201: "It is the general rule that a tenant in possession always is, and the landlord may be, liable for injury to a third person arising from negligence."

Appellant contends that "There was evidence upon which the jury could find that the door hinges were defective and dangerous at the time the premises were leased to the tenant." In addition to testimony that there had been no repairs made to the doors for sixteen years prior to the accident, he relies on testimony given by a witness now engaged in cement contracting, plastering, and carpentry, who, in the past, had seven years' experience working around metal, during which time he had opportunity to observe the effects of rust. The witness testified that he examined the doors shortly after the accident and found that rust had "rotted out" all the hinges and that three of the four hinges had rusted through completely. He explained that the rust was a consequence of the fact that it took two or three

days following a rain for any dampness on the hinges to dry—they being located on the undersides of the doors. Over objection, he testified that from his observation at the time of the examination the hinges had been rusting fifteen or sixteen years, and probably since the doors were installed.

In support of his contention appellant relies chiefly upon *McLaughlin v. Kelly*, 230 Pa. 251, 79 A. 552. In that case a plaintiff was injured as a result of a fall into a hole covered by an iron grating resting on a wooden framework in the sidewalk in front of defendant's building. The Court sustained a jury's verdict against the owner, although at the time of the injury the entire building was in the possession and control of a tenant, because the defective condition existed at the time the premises were let. The Court said (p. 259) : "It was testified that the grating rested on wooden strips or framework and that at the time of the accident 'the entire framework was entirely rotted away.' The testimony further showed that it had been *in a defective condition* for ten or fifteen years. This, it is true, was simply the opinion of the witness based on the condition of the framework at the time of the accident, but he, being a carpenter of thirty years experience, was competent to testify on the subject, and hence the court could not have withdrawn the testimony from the jury." (Emphasis added.)

The trial judge erred in charging the jury as to the law of this case. In an opinion sur entry of judgment n.o.v. the learned court below said: "In charging the jury we were led to adopt the principle set forth in Mintzer v. Greenough and Hogg, 192 Pa. 137 (1899) . . . We instructed the jury:—'. . . The mere fact that the landlord had a lease with the tenant does not exempt the landlord from his duty to inspect the premises and keep the sidewalks reasonably safe.' After the trial

we learned that this principle was expressly overruled by the Supreme Court in Lindstrom v. Pennsylvania Company, 212 Pa. 391 (1905) . . ."

After citing *Briggs v. Philadelphia,* 112 Pa. Superior Ct. 50, 170 A. 871, reversed by the Supreme Court in 316 Pa. 48, 173 A. 316, the court below continued: "In the opinion Mr. Justice SCHAFFER stated . . .: 'After full consideration of all prior cases, we decided in Philadelphia v. Merchant & Evans Co., 296 Pa. 126, and Bruder v. Philadelphia, 302 Pa. 378, that the owner in possession of a property is primarily responsible for a defective sidewalk in front of it, but if he is out of possession, because of a lease of the entire property, his liability ceases and the tenant is liable for injuries occurring to a third person because of a failure to repair a sidewalk; *that the landlord is liable for defects existing at the time of executing the lease,* but where the premises become defective, while in the occupancy and control of the tenant, he alone is liable. . . .' " (Emphasis added.) But the lower court continued: "There was no reliable evidence in the present case that the cellar doors were defective at the time of the leasing of the premises . . . When the rusting process, which ultimately brought about the defective condition, had progressed to the point where the cellar doors became dangerous, can only be pure conjecture." Right there is where we disagree with the learned court below. There was competent evidence that the rusting process had been going on for a period of fifteen or sixteen years and the jury could reasonably infer that it had progressed to such a point at the time the lease was entered into as to present a defective and dangerous condition. Cf. *McLaughlin v. Kelly,* supra.

In our opinion the evidence under proper instructions from the trial judge would warrant a finding that the defective condition antedated the lease. But the

jury was not properly instructed on that factual issue and, consequently, its verdict implies no finding as to whether the defect existed prior to or at the time of the demise.

Therefore, it was error for the learned court below to enter judgment n.o.v. as to the owner. The proper action would have been for the court to have refused the motion for judgment and to have ordered a new trial sua sponte, in order that a jury may be afforded an opportunity to decide the specific question of fact as to whether or not the defect existed prior to or at the time of the lease under a proper charge on the applicable law: *Gerber v. Jones,* 151 Pa. Superior Ct. 489, 30 A. 2d 534. In that case we said (p. 494): "The interests of right and justice would seem to require that the case be retried. When it is retried the situation may permit the presentation to the jury of the liability of the respective defendants according to the applicable legal principles." And as we said in *Ford v. Philadelphia,* supra, 148 Pa. Superior Ct. 195, 202, 24 A. 2d 746: "A new trial must be granted, as there was basic and fundamental error in the charge of the court. This inures to the entire controversy, and the case will be restored to the same status as if no previous trial had been held. Campbell v. National-Ben Franklin Fire Ins. Co., 123 Pa. Superior Ct. 274, 276, 187 A. 217; Giles v. Ryan et al., 317 Pa. 65, 69, 176 A. 1."

The judgment n.o.v. in favor of the defendant Horn and against the plaintiff is reversed and a new trial ordered.

PER CURIAM, July 13, 1953:

The foregoing opinion had been prepared by Judge DITHRICH before his death on April 18, 1953. It is now adopted and filed as the opinion of the Court.