George S. Fleming *v.* Joseph M. Dixon, Appellant.

*Contract—Evidence—Review—Question for jury.*

In an action to recover the price of goods sold, the case is for the jury where the plaintiff swears that the goods were sold to defendant, and the defendant swears that they were sold and delivered to his brother, and a verdict and judgment for the plaintiff will not be reversed by the Supreme Court.

*Practice—Verdict—Remittitur—New trial.*

Where the trial court makes an order granting a new trial, unless plaintiff file a stipulation within five days that he will accept a certain reduced sum in full satisfaction of his judgment, and when so filed if said reduced amount be not paid within ten days thereafter judgment to be entered on the verdict, and the plaintiff files the remittitur, but the defendant does not pay, the Supreme Court will not reverse a judgment entered on the verdict.

*Practice, C. P.—Trial—Points—Charge.*

The Supreme Court will not reverse a judgment because a point presented by one of the parties was not answered, if it appears that the question presented by the point was substantially answered in the general charge.

Argued Oct. 26, 1899. Appeal, No. 103, Oct. T., 1899, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1898, No. 104, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN, FELL and BROWN, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before McCLUNG, J.

The facts appear by the charge of the court, which was as follows:

This case really, when reduced to its elements, is a very simple one. It is simply a suit to recover by the plaintiff from the defendant the price of certain goods which he says he sold at a fixed price to the defendant. If the bargain set up by him was made, he would be entitled to recover. If it was not made, he would not be entitled to recover.

It is conceded that Mr. Fleming, the plaintiff, had title to certain goods which were in the possession of one Lyons, the proprietor of a saloon on Fourth avenue. Lyons was sold out

at sheriff's sale. Notice was given that Fleming claimed title
to those goods, and the goods were not sold ; there is some con-
troversy as to whether there were not some goods sold that
Fleming thought were his, but all the goods that he claimed
there were set aside by the sheriff and were not sold. Now
Fleming says that at that sheriff's sale these goods of his were
by him sold at a certain price to this defendant; and that is
the question which you are here to determine. If they were
sold, it is conceded that they have not been paid for. If they
were not sold to him, there can be no recovery. There is tes-
timony here showing that the sale was not made to the defend-
ant, but was made, not at this time, but at a prior date, to his
brother, Charles P. Dixon. That has nothing to do with the
case excepting in so far as it indicates that the sale was not
made to Joseph M. Dixon ; because if the sale was not made
to Joseph M. Dixon, it does not matter, for the purpose of this
case, whether or not it was made to Charles P. Dixon or whether
it was made to any one. If the sale was not made to Joseph
M. Dixon, no recovery can be had from Joseph M. Dixon, of
course. The goods, however, went into possession of Charles
P. Dixon, who is a brother, and somewhat intimately associated
with Joseph M. Dixon, and it was proper enough to show these
other matters, for the purpose of accounting for his possession
of the goods. Undoubtedly Fleming gave up the goods and
they went into possession of one or other of the Dixons. The
question is, did Joseph M. Dixon buy these goods from Mr.
Fleming? If he did buy them, it does not matter whether he
bought them for himself or for his brother, and it does not
matter whether he continued to use them himself or turned
them over to his brother. He may have turned them over im-
mediately to his brother. If he bought them, and they were
delivered to him, then he would be bound to pay the price that
he agreed to pay for them, and that is all that you have to de-
termine in this case.

Now did he buy them ? You take the testimony on both
sides for the purpose of determining that; you take the cor-
roborating circumstances, if there are such circumstances, which
surround the case, on either side ; you take the probabilities,
you take everything that enables you to determine between
these parties, and determine whether or not substantially this

bargain alleged by Fleming was made on this day of the sheriff's sale. If it was, what was the price? He says that it was $1,305; that he had made a conditional sale of the goods to the former keeper of this place, that $195 had been paid, leaving $1,305 yet unpaid, and that he had resumed possession under the agreement of sale that he made, which was good for this purpose, as between the parties, at least, and that he told Dixon that he would sell the goods to him for $1,305. The only thing that I recollect that might modify this bargain, if the bargain was made between these parties, is an admission by Fleming, upon his cross-examination, that there was, at least in a certain contingency, to be a credit on that of half the cost of what it took to renew the license or get a transfer of the license, and the admission that that was $500. If that was to be credited upon this price to Dixon, then $250 should be deducted from that $1,305, and then the interest calculated from the time at which it should have been paid up until the present time. The statement of Fleming is that the bargain was that the price was to be paid as soon as the license was transferred, and the evidence here shows the transfer of the license—I don't know that we have the exact date, but it was probably a short time afterward, probably in August, 1897, so that you would be safe in calculating interest from the last of August. There is some indication in the testimony of Mr. Fleming with regard to this $250 that it was only to be paid as sort of a premium for prompt payment. If that was the case, it would not be a credit. But it is for you to say whether or not that was the bargain, that Dixon was to be entitled to a credit of $250 for the transfer of that license out of this $1,305, provided you find that the bargain was made between them.

Of course, if there was no bargain made, and Dixon did not buy it at all, you simply find for the defendant.

Defendant's point, which was not answered, was as follows:

If the jury find that Charles P. Dixon and not Joseph M. Dixon agreed to and did purchase the goods, fixtures, etc., from George S. Fleming, the plaintiff, then the plaintiff cannot recover and the verdict must be in favor of the defendant.

Verdict for plaintiff for $1.428.98.

On a rule for a new trial, the court made this order:

And now, to wit: April 14, 1899, it is ordered that a new

trial be granted in this case, unless plaintiff within five days files a stipulation that he will accept in full satisfaction of his claim $1,155.23, to be paid within ten days after notice of the filing of said stipulation to defendant or his counsel.

If said stipulation is filed and payment of said amount with costs is not made. within said ten days, then judgment to be entered on the verdict as rendered, upon payment of the verdict fee.

The remittitur having been filed by plaintiff, but payment not having been made by defendant, judgment was entered on the verdict. Defendant appealed.

*Errors assigned* were (1) the charge of the court; (2) conditional order, granting a new trial; (3) in not answering defendant's point.

*J. A. Langfitt,* for appellant, cited Peoples Savings Bank v. Denig, 131 Pa. 241.

*Joseph Stadtfeld,* for appellee, cited Bartle v. Saunders, 2 Grant, 199, and Winsor v. Maddock, 64 Pa. 231.

OPINION BY MR. JUSTICE BROWN, December 30, 1899:

This appeal is utterly without merit. But a single question, purely of fact, was involved in the trial of the cause in the court below. The plaintiff sought to recover the price of goods which he alleged he had sold to the defendant. The latter testified he had not bought them. In his opening words to the jury the learned trial judge concisely and correctly told them the nature of the case and what they were to consider and determine when he said: " This case really when reduced to its elements is a very simple one. It is simply a suit to recover by the plaintiff from the defendant the price of certain goods which he says he sold at a fixed price to the defendant. If the bargain set up by him was made he would be entitled to recover. If it was not made he would not be entitled to recover."

Not a single exception was noted, and none could have been properly taken by the defendant to the admission or rejection of evidence, and in a charge, the whole of which has been as-

signed as error, the court fairly, impartially and intelligently submitted the facts to the jury, who found, as they were justified in finding, in favor of the plaintiff, instead of yielding to what they must have felt was the improbable statement of the defendant and his brother Charles. This disposes of the first assignment of error. Plaintiff having testified that he had agreed with defendant to pay half the license fee, $250, provided he was paid his money immediately after the transfer of the license to Charles P. Dixon, the court, upon a review of the evidence after verdict, would have relieved the defendant to the extent of the said sum, even though he had not complied with the condition upon which Fleming says the abatement was to be allowed. The relief tendered was refused. The order of court providing for it was made for the benefit of the defendant now complaining of it, and we overrule his second assignment of error. The point presented by the defendant was substantially and clearly answered in the charge, when the learned trial judge said : " There is testimony here showing that the sale was not made to the defendant, but was made, not at this time, but at a prior date, to his brother, Charles P. Dixon. That has nothing to do with the case excepting in so far as it indicates that the sale was not made to Joseph M. Dixon, because, if the sale was not made to Joseph M. Dixon, it does not matter, for the purpose of this case, whether or not it was made to Charles P. Dixon, or whether it was made to any one. If the sale was not made to Joseph M. Dixon no recovery can be had from Joseph M. Dixon of course." No further light could have been given to the jury by noticing the point submitted, and the failure to answer it was not error. Patterson v. Kountz, 63 Pa. 246 ; Winsor v. Maddock, 64 Pa. 231.

The judgment is affirmed.