## Campbell *v.* Pittsburg Bridge Company, Appellant.

*Corporations—President—Employment of an attorney at law.*

The president of a corporation has power to employ counsel to defend an action against the corporation, and bind the corporation for reasonable compensation to the attorney.

*Practice, C. P.—Verdict—Judgment—Remittitur.*

After a judgment and verdict for plaintiff, the court made the following order: " And now, May 23, 1902, new trial granted unless the plaintiff within ten days file a stipulation to accept $600 and costs in full satisfaction of his claim in this case, provided it is paid within ten days after notice to defendant or its counsel of the filing of said stipulation. If said stipulation is filed and defendant does not pay the amount of said stipulation and costs within ten days, then judgment to be entered on the verdict as rendered upon payment of the verdict fee." On June 28, and still within the same term, the court made a second order extending the time for ten days in which to file acceptance of reduction of verdict. Within ten days from the last order plaintiff filed a stipulation releasing all of the verdict in excess of $600, and the defendant declined to pay that sum, and thereupon judgment was entered on the verdict for $800. *Held,* that the judgment should be sustained.

Argued April 13, 1903.   Appeal, No. 39, April T., 1903, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1901, No. 36, on verdict for plaintiff in case of Edward Campbell v. Pittsburg Bridge Company.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. D. PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Assumpsit to recover for professional service as an attorney at law.

At the trial it appeared that plaintiff, an attorney at law, had been employed by T. M. Nelson, president of the defendant company, to defend the company in a suit, and that he performed valuable services in the litigation.

Defendant presented these points:

That under the evidence in the case the verdict must be for the defendant.   *Answer;* Refused. [1]

That the plaintiff having failed to show that Nelson, the president of the board of directors of defendant company, had

any authority to employ plaintiff there can be no recovery. *Answer:* Refused. [2]

Verdict and judgment for plaintiff for $800.    Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them; (4, 5) the orders quoted in the opinion of the Superior Court.

*John P. Hunter,* of *Schoyer & Hunter,* with him *George D. Riddle,* for appellant.—The order of May 23, was erroneous: Lehr v. Brodbeck, 192 Pa. 535; Bradwell v. Pittsburg, etc., Ry. Co., 139 Pa. 404.

The order of June 28 is without the power of the court. (*a*) Because a new trial having already been granted under the order of May 23, the court could not by a subsequent order extend the time for filing the stipulation therein provided for. (*b*) The order of June 28 is not a rescission of the order of May 23, under which a new trial was granted: Van Vliet v. Conrad, 95 Pa. 494; Rieber v. Boos, 110 Pa. 594.

The president of a corporation has no implied authority to employ an attorney: Citizens Bank v. Keim, 32 Legal Int. 90; First National Bank v. Hoch, 89 Pa. 324; Allegheny County Workhouse v. Moore, 95 Pa. 408.

*F. C. McGirr,* of *Marron & McGirr,* for appellee.—The order of the court was proper: Homestead Bank & Life Ins. Co. v. McBroom, 4 W. N. C. 410.

A president may employ an attorney for the company and authorize him to prosecute or defend a case: Coleman v. Oil Co., 25 W. Va. 148; Morse on Banks and Banking, sec. 143; Grafius v. Land Co., 3 Phila. 447.

OPINION BY MORRISON, J., May 22, 1903:

The plaintiff, a lawyer, brought an action in assumpsit to recover for professional services alleged to have been performed by him for the defendant.

The first assignment of error is "that under the evidence in the case the verdict must be for the defendant." An examination of the testimony convinces us that this assignment is not sustained.

• The second and third assignments go to the question of the employment of the plaintiff. The testimony shows sufficient from which the jury was warranted in finding that the plaintiff was employed to defend a suit pending against the defendant company in the common pleas court of Fayette county, and that he rendered valuable services therein with the knowledge and consent of the president of the defendant company. It is argued in behalf of the appellant that the president of the corporation has no power to employ counsel to defend a suit pending against the corporation. In support of this contention the counsel cites Cook on Corporations, sec. 716. But we do not think this citation supports the doctrine that the president of a corporation cannot employ counsel to defend a suit against it: First National Bank v. Hoch, 89 Pa. 324, is also cited. But we do not consider it in point. That was a case where the transaction was not within the usual course of business of the bank, and all that was decided was that the president could not bind the bank by a contract outside of its ordinary business. We are also referred to Allegheny County Workhouse v. Moore, 95 Pa. 408. But that is a case where the plaintiff sought to recover for services alleged to have been rendered for the Allegheny County Work House, and the ground upon which it was decided was that the board of managers was invested with important corporate powers, some of which, in their exercise, require consideration, deliberation and judgment. Where such is the case " all should be convened, because the advice and opinions of all may be useful, though they do not unite in opinion." It was held that the plaintiff's claim grew out of a transaction which came within this doctrine. We are clearly of the opinion that the authorities cited by the appellant do not sustain its contention, that the president of a corporation cannot employ counsel to defend an action against the corporation, and bind it for reasonable compensation to the attorney. In 17 Am. & Eng. Ency. of Law (1st ed.), page 131, it is stated, " that the president of a corporation, being its chief executive officer, may appear and answer for it and employ counsel for its defense. Counsel whom he thus employs can bind the corporation by his actions in the case within the ordinary powers of counsel, and this, too, even though the circumstances show that the president acted so improperly in employing the counsel

that he might properly be held responsible for his breach of trust in the employment of the counsel." In 2 Cook on Corporations (4th ed.), page 1511, sec. 716, it is said: "A president may employ an attorney for the company, and authorize him to prosecute or defend a case." In Colman v. Oil Company, 25 W. Va. 148, it was held that the president of a corporation has power to employ an attorney. So also in 14 L. R. A. 360, it is held that the president of a corporation has in general implied authority to employ counsel for the company. To the same effect is Morse on Banks and Banking, sec. 143. We think there was sufficient testimony from which the jury was justified in finding that the plaintiff was lawfully employed to defend the suit in Fayette county against the appellant, and therefore, the second and third assignments are not sustained.

The fourth and fifth assignments raise the question of the legality of the following orders of the court below, viz : " And now, May 23, 1902, new trial granted unless the plaintiff within ten days file a stipulation to accept $600 and costs in full satisfaction of his claim in this case, provided it is paid within ten days after notice to defendant or its counsel of the filing of said stipulation. If said stipulation is filed and defendant does not pay the amount of said stipulation and costs within ten days, then judgment to be entered on the verdict as rendered upon payment of the verdict fee."

" And now, June 28, 1902, the order heretofore made in this case giving plaintiff and defendant ten days in which to file acceptance of reduction of verdict extended to ten days from this date."

Within ten days from the last order the plaintiff filed the stipulation releasing all of the verdict in excess of $600, and the defendant declined to pay that sum, and thereupon judgment was entered on the verdict for $800.

It is argued that the court had no power to make the second order, and that the effect of the first order was to grant a new trial after the expiration of the ten days mentioned therein, the plaintiff not having filed the release provided for in the order. It is conceded that both orders were made during the same term of court, and this being the case the court clearly had the power to make the order of June 28, 1902, extending the time in which the plaintiff could consent to the release of

so much of the verdict as was in excess of $600. It is urged that the effect of the order of May 23, 1902, was a decision of the court that the verdict was $200 more than it should have been, but that the defendant could only secure this reduction by paying the $600 within ten days, without judgment, and thus be deprived of the right of appeal to the higher court to have the record and judgment reviewed. In other words, that a penalty of $200 was imposed on the defendant for its failure to pay the $600 without judgment.

An examination of the testimony does seem to show that the verdict should not have been more than $600, and the order of the court below seems to indicate that this was its opinion. The usual practice in such a case is for the court to grant a new trial unless the plaintiff files the release mentioned in the order within the time stipulated, but in the present case the court saw fit to allow the defendant the benefit of the $200 if it would pay the $600, interest and costs within ten days, without judgment, and in default thereof the court granted judgment for the full amount of the verdict. In Fleming v. Dixon, 194 Pa. 67, the Supreme Court had this identical question before it, and in disposing of the second assignment of error, which raised practically the same question which is before us on the fourth and fifth assignments, Mr. Justice BROWN speaking for the court (p. 71) said : " The relief tendered was refused. The order of court providing for it was made for the benefit of the defendant now complaining of it, and we overrule his second assignment of error." The judgment was affirmed. This is an authority which disposes of the fourth and fifth assignments of error, and they cannot be sustained.

Judgment affirmed.