## Stauffer, Appellant, v. Reading.

206        479
27 SC ¹ 18

206       479
222      ¹ 17

*New trials—Discretion of court—Imposition of conditions.*

The granting or refusing of a new trial except for causes like errors of law by the judge or misconduct of the jury, where it may be matter of right, is an exercise of judicial discretion by the court in furtherance of right and justice according to the circumstances of the case. Hence it is well settled that the court may impose terms upon either or both of the parties as conditions of the grant or refusal, and the latitude allowed to the discretion of the court to this end is very great.

Large as the discretion is, however, it is a judicial discretion and must be used with reference to the rights involved in the controversy. The condition imposed, therefore, must have some direct relation to the issue between the parties in the case.

In a proceeding to assess damages against a city for land taken for road purposes, the court cannot compel the plaintiff as an alternative to a new trial to convey to the city for park purposes three acres of his land cut off from the main body of his land by the road in question, neither party having asked for such conveyance.

Argued March 3, 1903. Appeal, No. 39, Jan. T., 1903, by plaintiff, from order of C. P. Berks Co., making absolute a rule for a new trial in case of A. K. Stauffer v. City of Reading. Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Appeal from jury of view. Before ENDLICH, J.

From the record it appeared that the city of Reading appropriated one and one half acres of plaintiff's land for the purpose of a boulevard. The boulevard was so located as to cut off three acres of plaintiff's land to the north, leaving about seven acres to the south of the boulevard.

Verdict for plaintiff for $3,295.83.

On a rule for a new trial the court made the following order:

November 10, 1902. The rule to show cause is discharged, on condition that the plaintiff within thirty days from the date of the entry of this order convey to the defendant, for park purposes, the tract lying north of the boulevard; otherwise, upon the expiration of said period, the rule to become absolute.

Plaintiff appealed.

*Errors assigned* were (1) the order of the court as above, quoting it, and (2) making the rule absolute because of the failure of the plaintiff to comply with the order.

*C. H. Ruhl*, with him *Cyrus G. Derr*, for appellant, cited: Allen v. Sawyer, 2 P. & W. 325; Lehr v. Brodbeck, 192 Pa. 535.

*Walter S. Young*, city solicitor, for appellee, cited: Dougherty v. Andrews, 202 Pa. 633; Com. v. R. R. Co., 165 Pa. 44; Reno v. Schallenberger, 8 Pa. Superior Ct. 436.

OPINION BY MR. JUSTICE MITCHELL, July 9, 1903:

The granting or refusing of a new trial except for causes like errors of law by the judge or misconduct of the jury, where it may be matter of right, is an exercise of judicial discretion by the court in furtherance of right and justice according to the circumstances of the case. Hence it is well settled that the court may impose terms upon either or both of the parties as conditions of the grant or refusal, and the latitude allowed to the discretion of the court to this end is very great. As each case must be determined on its own circumstances the causes cannot all be specified or enumerated beforehand, but in general as is said by the most prominent writer on the subject, "it may be safely asserted that no case can occur presenting circumstances timely addressed to the discretion of the court, in which the rights of the parties may not be fully protected by the imposition of conditions meeting the exigency:" Graham on New Trials, 610.

Large as the discretion is however it is a judicial discretion and must be used with reference to the rights involved in the controversy. The conditions imposed therefore must have some direct relation to the issue between the parties in the case.

The condition complained of in the present proceeding transgresses this limit. The conveyance of the three acres was not asked for by the city nor offered by the appellant. Whatever its merits as a just or wise settlement between the parties, it was not apparently desired by either, and was certainly no part of the issue which they brought into court to have decided. In imposing it as a condition of the refusal of a new trial therefore, the court exceeded its discretionary authority.

The condition was erroneous also from another point of view as tending to deprive appellant of his property in violation of his right to have a jury pass upon its value. In this respect the case goes further than Lehr v. Brodbeck, 192 Pa. 535, where the jury having found a verdict for defendant contrary to the instructions of the judge, as to part of the goods sued for, the court directed the acceptance of an offer by the defendant to pay a sum less than plaintiff claimed, and on refusal of plaintiff to accept, refused a new trial. It was held that this was error. In the opinion our Brother DEAN said: " The plaintiff claimed that the value of her goods wrongfully seized and sold was $335. And whether this was the value or not, she had offered evidence tending to establish it as the value. As a suitor under the law she had a right to the opinion of the jury on the evidence; and the court at the trial thought so too. It however now directs her arbitrarily to strike from her claim $85.00 and as a penalty for refusal in effect says she shall have nothing." See also Bradwell v. Pittsburg, etc., Ry. Co., 139 Pa. 404.

Judgment reversed, and record remitted with directions to reinstate the rule for new trial and proceed to dispose of it according to law.