# Weinberger *v.* Suess, Appellant.

*Practice, C. P.—Rules of court—Continuance of cause—Trial without presence of party defendant or counsel.*

1. A rule of court which provides that after a daily trial list has been made up "no engagement of parties or of counsel, except in emergencies will be considered as ground for postponement," is a proper rule, and the appellate court will not review the discretion of the trial judge in going on with the trial in the absence of the defendant and his counsel where such absence was unexcused.

616, (1915).]        Syllabus—Opinion of Court below.

*Practice, C. P.—County court of Allegheny county—Appeal—Remittitur.*

2. The action of the court of common pleas of Allegheny county in refusing an appeal from a judgment on a verdict of moderate amount of the county court on the ground that the verdict was excessive, will not be reversed where it appears that the county court directed that if plaintiff should file a remittitur over a certain sum with condition that the same should be paid within thirty days a new trial should be refused, and it also appears that although the plaintiff filed the remittitur and gave notice, the defendant did not pay the reduced amount.

Argued April 15, 1915.   Appeal, No. 106, April T., 1915, by defendant, from order of C. P. Allegheny Co., Oct. T., 1914, No. 850, refusing appeal from County Court in case of A. Weinberger v. E. L. Suess.   Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Rule for the allowance of an appeal from the county court.

Petition for the allowance of an appeal from the county court.

One of the rules of the county court is as follows:

"NOTICE—As no more cases will be placed on the daily list than can probably be disposed of, it is imperative that cases be not permitted to go down in that list unless ready for trial.   The list for the ensuing day is made up each day at two o'clock P. M. After the daily list is made up, no engagements of the parties or of counsel, except in emergencies, will be considered as ground for postponement."

EVANS, J., filed the following opinion:

This case comes before the court on a petition ex parte defendant for an appeal from the judgment of the county court.   It appears that the case has been tried twice in the county court, a new trial having been granted after the first trial.

On the call of the list on Friday, June 12, this case was put down on the daily trial list for Monday, June 15,

1914. After all the other cases on the Monday list were disposed of this case was called by the court and neither the defendant nor his counsel appeared, nor was any reason given to the court for their nonappearance, and the trial of the case proceeded in their absence.

The petition for appeal is not signed by anybody. It is sworn to by Suess, who makes affidavit of the truth of the statement. Most of the statements of the petition are with reference to the actions and conduct of the defendant's counsel to the effect that he did not know the case was on Monday's list. That he had an engagement to take testimony at the West Penn Hospital in Pittsburg of a sick witness, and went there on Monday morning to take the deposition and came into court in the afternoon ready to try his case. But he gives no reason why he did not know the case was on the trial list. The daily trial lists of the courts in this county are published and counsel can know of the contents of those trial lists if they pay attention to them. He gives no reason why he could not have notified the court of his engagement to take depositions, or that his depositions could not have been postponed until afternoon.

On examination of the petition and answer we see no reason to disturb the judgment of the county court.

And now, September 21, 1914, rule to show cause why an appeal from the judgment of the county court should not be allowed is discharged.

*Error assigned* was the order of the court.

*R. P. Lewis,* for appellant.

*A. L. Cramer,* for appellee.

Per Curiam, May 14, 1915:
This is an appeal by defendant from the order of the

common pleas, discharging his rule to show cause why an appeal from the judgment of the county court should not be allowed. If the rule of the county court relative to the daily trial list of jury cases is valid, the trial court committed no error of law or abuse of discretion in going on with the trial, notwithstanding the unexcused absence of the defendant and his counsel. This is clearly shown by the opinion of Judge EVANS. Rules of court are an indispensable aid in the transaction of the business of the court, and we entertain no doubt of the power of the court to make the rule in question. But such a rule of court is of no value if the enforcement of it under such circumstances as are disclosed here is to be set aside by the appellate court as an abuse of discretion. So far as this question is concerned, the case is ruled in principle by Birdsong v. Polinsky, 58 Pa. Superior Ct. 515.

The action was trespass for malicious prosecution. It grew out of the arrest of the plaintiff on a charge of larceny. The jury assessed his damages at $250, which seems not an extravagant sum in view of the undisputed fact that the plaintiff actually expended for counsel fees and obtaining bail $125. In disposing of defendant's motion for a new trial, the county court made this order: "It is ordered that if the plaintiff, within ten days, shall file a remittance of all such verdict herein over one hundred and twenty-five dollars, with condition that the same shall be paid within thirty days after notice of its filing to defendant's counsel, a new trial is refused; otherwise a new trial is granted." Plaintiff duly filed the remittance and gave due notice to the defendant, but the latter saw fit not to pay. Under the circumstances he has no just cause to complain that the common pleas did not allow an appeal upon the ground that the damages awarded were excessive. The validity of such orders has been sustained in many cases, amongst which are the following: Fleming v. Dixon, 194 Pa. 67; Wirsing v. Smith, 222 Pa. 8; McLaughlin

v. Kelly, 230 Pa. 251; Campbell v. Pittsburg Bridge Co., 23 Pa. Superior Ct. 138.

The assignment of error is overruled, and the order of the court of common pleas is affirmed at the cost of the appellant.