# Meyers *v.* Tygh, Appellant.

*Trespass—False arrest—Binding instructions—Verdict—Reduction of verdict—Remittitur.*

In an action for trespass to recover damages for false arrest, a verdict for the plaintiff is properly directed where it appears that the defendant arrested the plaintiff for impersonating an officer, without a warrant, and gave as his reason that the plaintiff was about to be assaulted, and he made the arrest in order to prevent a breach of the peace.

Where the court has made an order granting a new trial unless the plaintiff filed a remittitur reducing the verdict, and the latter filed an unconditional remittitur of part of the verdict, he is concluded thereby, and judgment cannot be entered on the original amount of the verdict as rendered.

Submitted October 20, 1920. Appeal, No. 22, Oct. T., 1920, by defendant, from the judgment of the Municipal Court of Philadelphia, February T., 1919, No. 399, on verdict for plaintiff in the case of George B. Meyers v. James F. Tygh. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Modified.

Trespass for damages for false arrest. Before BONNIWELL, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $500. On motion for a new trial the court made an order granting the new trial unless the plaintiff should file within ten days a remittitur for all sums in excess of $250, and unless the said $250 and costs should be paid within ten days after the filing of such remittitur that judgment should be entered on the verdict of $500. The plaintiff filed a formal and unconditional remittitur for all amounts in excess of $250. Defendant did not pay said sum of $250 and judg-

ment was entered for the plaintiff for $500. Defendant appealed.

*Error assigned,* among others, was the judgment of the court.

*Charles S. Schofield,* for appellant.

*Marshall H. Morgan,* for appellee.

OPINION BY KELLER, J., December 10, 1920:

This was a suit in trespass for false arrest. The plaintiff was admittedly arrested by the defendant without a warrant and taken to the station house where complaint was made against him for impersonating an officer. At the hearing next morning he was discharged. On the trial of the present action the defendant testified that an additional reason for his arresting the plaintiff was that a man named Horner was about to assault the plaintiff and therefore he arrested the latter to prevent a breach of the peace. Under this aspect of the case he arrested the wrong man. If it was necessary in order to prevent a breach of the peace to arrest any one, he should have arrested the would-be assailant not the person he was about to assault. The court below was justified in directing the jury to find for the plaintiff leaving them to determine the amount of damages suffered by him, and there was no substantial error in his instructions on that point.

The jury rendered a verdict in favor of the plaintiff for $500. Subsequently on motion for a new trial the court made the following order: "Motion granted unless plaintiff file within ten days a remittitur for all sums in excess of $250 unless the said $250 and costs shall be paid within ten days after the filing of such remittitur judgment to be entered on the verdict for $500." Within ten days thereafter the plaintiff filed a formal and unconditional remittitur of all in excess of $250 of the said

verdict. The defendant did not pay the reduced verdict and costs and judgment was entered on the verdict for $500.

As authority for this action we are referred to the cases of Fleming v. Dixon, 194 Pa. 67, and McLaughlin v. Kelley, 230 Pa. 251.

The practice allowed in those cases has been severely criticised by Mr. Justice MOSCHZISKER in the case of Ralston v. Phila. R. T. Co., 267 Pa. 278. In them, as well as in the other cases referred to by Mr. Justice MOSCHZISKER in his opinion, the plaintiff filed a stipulation agreeing to accept a reduced sum in full satisfaction of his verdict provided the same was paid within a limited period of time, or as in Weinberger v. Suess, 59 Pa. Superior Ct. 616, a conditional remittitur was entered on the record. In none of them was there an absolute and unconditional reduction of the verdict entered on the record, as appears in this case.

The plaintiff having entered on the record an unconditional remittitur of all of the verdict in excess of $250, he is concluded thereby and judgment could not be entered for the original amount of the verdict as rendered.

The judgment is therefore modified and reduced in accordance with the plaintiff's remittitur, to $250 with interest from the date of the entry of the remittitur.

Costs to be paid by the appellant.