## Bahr v. Boyertown.

*Practice, C. P.—Verdict—Excessivness of verdict—Setting aside verdict—Reduction by the court.*

1. Subject to the power of the court to set aside or reduce an excessive or perverse verdict, a party claiming to have been injured by another has a constitutional right to have his damages determined by a jury.

2. Where there have been two verdicts the same way, the second one, appearing greater than the exigencies of the case demand, will not be ordinarily set aside, though it may be reduced.

Rule for new trial. C. P. Berks Co., Oct. T., 1920, No. 93.

*C. H. Ruhl* and *Walter B. Freed,* for defendant and rule.

*W. K. Stevens* and *George Eves,* contra.

ENDLICH, P. J.—This is a proceeding for the assessment and recovery of damages by plaintiff against defendant in payment for the appropriation by the latter of water on his land. The case was first tried before Judge Miller, of the 38th judicial district, specially presiding. The verdict was for $4000, which was set aside by Judge Miller as grossly excessive. The second trial, the evidence being substantially the same, resulted in a verdict for $6000. We are asked to set aside this verdict for the same reason. Subject to the power of the court to set aside or reduce an excessive or perverse verdict (see Ralston *v.* Transit Co. (No. 2), 267 Pa. 278, 283-5), a party claiming to have been injured by another has a constitutional right to have his damages determined by a jury: Bradwell *v.* Railway Co., 139 Pa. 404. And more particularly when there have been two verdicts the same way; the second one, appearing greater than the exigencies of the case demand, will not ordinarily be set aside, though it may be reduced: Murray *v.* Simpson, 2 Phila. 174; Watson *v.* Railroad Co., 15 Phila. 224; Burkart *v.* Bucher, 2 Binn. 455, 467; Keble *v.* Arthurs, 3 Binn. 26; Clemson *v.* Davidson, 5 Binn. 392; Baker *v.* Lewis, 1 Pitts. Rep. 382; Clayton *v.* Railroad Co., 3 Del. Co. Reps. 167. Where the amounts of the respective verdicts are not substantially the same in cases of similar claims and proofs, they cannot perhaps, strictly speaking, be called "concurring:" see United States *v.* Taffe, 78 Fed. Repr. 524. In one sense, indeed, they are contradictory. But in another and probably more readily recognized sense, the rendition of a second greater verdict is in effect an implied endorsement of the first verdict, not as adequate, but as far as it goes, and as such entitled to count for something in determining whether and to what extent the second should stand. And so here it is believed that had the same judge who presided at the first trial conducted the second one, with the result indicated, he might have preferred to reduce the second verdict below the figure of the first and let it stand at that. There is an abundance of precedents, upon applications to set aside a second verdict, for the alternative of reducing the verdict without setting it aside, among which may be mentioned Yeager *v.* Yeager, 25 Legal Intell. 21; Watson *v.* Railroad Co., 15 Phila. 224; and see Bennett *v.* Railroad Co., 31 Pa. C. C. Reps. 545.

Judge Miller's opinion granting a new trial goes so fully into the facts of the case as to render an attempt to do so now quite unnecessary.

The rule for a new trial is discharged on condition that the plaintiff, within fifteen days from this date, remit upon the record of this suit so much of the verdict heretofore rendered therein as exceeds the sum of $3000 and interest thereon from the date of its rendition; otherwise, at the expiration of said period, said rule to be made absolute.

From Wellington M. Bertolet, Reading, Pa.